United States District Court

District of Guam

**FILED**

DISTRICT COURT OF GUAM

AUG 22 2005

MARY L.M. MORAN
CLERK OF COURT

Vaatausili Mark Alaiamlo

Defendant                    CV-03-00044

Vs                           CV No 99-00106

United States of America    Cr no 96-00039

Plaintiff

_____/

    1.   Reconsideration to District court denial of 28 USC 2255

    2.   Remand from Supreme court citation Rule 60 (b)(3), FRAUD,

    3.   NOTICE of Appeal for Habeas corpus 60 days limit,

    4.   Put Appeal in Abeyance until §2241 or 60(b)(3) FRAUD is Decided, Pro-se

### Statement of Case

Comes now defendant pursuant to file a 1. Reconsideration to his 2255 filing  2.  Remand from SUPREME COURT CITATION rule 60(b)(3) on "FRAUD" Reconsideration, 3. Notice of Appeal within 60 days for habeas corpus 4. Put Appeal on Abeyance until his related 2241 filing, or 60(b)(3) FRAUD, and reconsideration is being decided relevant to this decision.  HAINES V KERNER 30 L ED 2D 2D (1972), Please excuse Pro-se drafter.

### ARGUMENT

Alaimalo's ISSUES I,II,III, AND VI, see  THOMPSON V CLADERON 151 F 3D 918 (9th cir 1998), Remand from Supreme court, Ninth circuit rule 60(b)(3) Fraud applies to cases interpreted term "TRANSACTION" to mean entire trial and conviction, see UNITED

STATES V ELLZEY 324 F 3D 521 (7th cir 2003), Accordingly with
Ninth circuit Sixth amendment claim could be added despite
limitations period had expired, 379 F 3d 612, (9th cir
2004).

   ***THOMPSON 151 F 3d at 921, note 3, State's misconduct
prevented defendant from testing potentially exculpatory
evidence which might provide information necessary to assert
factual predicate for successive petitioner an independent
rule 60(b)(3) motion might be appropriate. Application under
§2244 would afford no relief because petitioner would not
have the necessary exculpatory evidence in his possession
and State might well have incentive to avoid its disclosure.
Under THOMAS V GOLDSMITH 979 F 2D 746, (9th cir 1992). Thus
under those circumstances it would be unfair and incongruent
to treat a rule 60(b)(3) motion as successive petition. This
is one example, but it suffices to say a bright line rule
equating all rule 60(b) motions with successive habeas
petitions would be improper.

   Alaimalo NEWLY DISCOVERED raised on successive TO
ILLEGAL SEARCH FRAUD
application, Appendix 103, Thomas Sablan did not appear at
the screen door and exited, as Officer FRAUD Palacio lied
under oath at trial, FRAUD EXIGENT CIRCUMSTANCES, GRIFFIN V
JOHNSON 350 F 3d 956 (9th cir 2003) Ninth circuit "NEWLY
PRESENTED" Alaimalo DID NOT HAVE AN UNOBSTRUCTED SHOT, SEE
ISSUE II,

   Alaimalo is ACTUALLY 1. INNOCENT OF IMPORTATION DRUGS
AMOUNTS by JURISDICTIONAL RETROACTIVE SUBSTANTIVE NEW LAW, 2.
FACTUALLY INNOCENT OF ILLEGALLY ADMISSION OF 4TH AMENDMENT

VIOLATION OF DRUGS BY "FRAUD," 9th circuit NEWLY PRESENTED
RULE LAW GRIFFIN V JOHNSON, 3. INNOCENT OF MISDEMEANOR
PRIORS for RESENTENCING to prevent A MISCARRIAGE OF JUSTICE.

In short, Alaimalo 1. DID NOT VIOLATE IMPORTATION
CHARGES NOR POSSESSION, 2. VICTIM OF "FRAUD" ILLEGAL SEARCH,
AND 3. INNOCENT OF MISDEMEANOR PRIORS. COUNT 6, 1018 DRUGS
DOUBLE EX POST FACTO.


Alaimalo filed 2241 motion and is pending

The Custody Court may "TRANSFER" the same issues to this
court, another reason to preserve all above issues.
HERNANDEZ V CAMPBELL 204 F 3d 861, 864 (9th cir 2000).
HERNANDEZ 2241 is met from ACTUAL INNOCENCE of USSG
sentencing amendment 484, to determine actual amount of
drugs, AS the CABACCANG En Banc remanded to determine
EXCLUDING THE IMPORTED DRUGS, RESENTENCE THE REMAINING DRUG
COUNTS.

To Issue I, Retroactive Change of Law

Alaimalo filed CHAMBERS V UNITED STATES 22 F3D 939, 943,
(9th cir 1994), 1. Invalidated conviction under that statute
invalidated statute on constitutional grounds, 2, Failure to
raise constitutional challenge before pleading guilty or on
direct appeal did not bar review. CHAMBERS two convictions
receipt of child pornography violation of 18 USC 2252. NINTH
circuit did not create a new rule by authority STRINGER V
BLACK 117 L ED 2D 367 (1992), WE SIMPLY apply a rule of this
general application, STRINGER 112 S CT AT 1135-37. TEAGUE'S
non-retroactivity principle does not apply to substantive
decisions like U.S V X-CITEMENT VIDEO 982 F 2d 1285 (9th cir

1992), TEAGUE does not apply to the latter. U.S V SOOD 969 F
2D 774, 775-76 (9th cir 1992), U.S V McCLELLAND 941 F 2d 999,
1001 (9th cir 1991), In SOOD, Two defendants convicted in
GUAM of bribery 18 USC 666 APPLIED only to states and DID NOT
APPLY TO Guam. DAVIS V UNITED STATES 41 L ED 2D 109 (1974),
An Inherent miscarriage of justice convicted of a law that
does not make criminal. Exceptional circumstances justify
collateral relief under 2255. DAVIS open doors of collateral
review who can show, through an intervening change in law,
they could not have committed the substantive offense which
they were charged, SOOD 969 F 2D AT 776. AT (4), CHAMBERS,
Because our decision in X-CITEMENT VIDEO, "INVAILADATED AN
ENTIRE STATUTE, thereby affecting substance of criminal
laws, TEAGUE DOES NOT APPLY TO LIMIT RETROACTIVE APPLICATION
OF X-CITEMENT VIDEO, ID., 776. EVEN if X-CITEMENT VIDEO is
considered to create a new rule, we believe that this case is
controlled by first exception to TEAGUE'S non-retroactivity.
Under that exception, a new rule will be applied
retroactively on collateral review, if it places certain
kinds of primary, private individual conduct beyond the
power, of criminal law-making authority to proscribe. TEAGUE
489 US at 307.

Issue IA  Alaimalo meets RETROACTIVE JURISDICTIONAL
CLAIM

CHAMBERS at (10), Chambers asserts a JURISDICTIONAL CLAIM,
his failure to challenge the constitutionality of the statute
in district court prior to his plea or in this court on
direct review does not bar him from raising the claim for the
first time in a §2255 proceeding. As we explained in UNITED

STATES V MITCHELL 867 F 2D 1232 (9th cir 1989), "Mitchell's
failure before trial and direct appeal to challenge
indictment on ground new asserted does not bar collateral
attack. If Mitchell's claim were correct the indictment
would fail to state an offense against the UNITED STATES and
the district court would be deprived of jurisdiction.
Because defect complained of is jurisdictional, Mitchell's
claims is reviewable. It has traditionally been the role of
collateral review to adjudicate just this kind of
jurisdictional claim, See FAY V NOVA 372 US 391. Even after
FRADY, §2255 relief remains available for prisoners who
assert jurisdictional claims, notwithstanding their failure
to raise them at trial or on direct review. Thus, we
conclude CHAMBERS has not waived his right to challenge his
conviction in this proceeding. RUTLEDGE V UNITED STATES 22 F
SUPP 2D 871 (C.D.Ill 1998), (1-4) Relief under 28 USC 2255 is
limited to an error of law that is jurisdictional,
constitutional or constitutes a fundamental defect which
inherently results in a complete miscarriage of justice.
BISCHEL V UNITED STATES 32 F 3d 259, 263 (7th cir 1994).

        Chambers remands for limited purpose for CHAMBERS
release, pending issuance by this Court of MANDATE in X-
CITEMENT VIDEO. In Alaimalo, the CABACCANG PROSECUTION
"WAIVED" Supreme court writ, thus the Ninth circuit
"IMPORTATION" charges issued mandate, remand was for the
remaining counts whether the importation drugs infected the
remaining counts.

Issue 3, AND 6, Actually innocent of Importation ALL DRUGS,

APP 86,87, to EACH count, and EX POST FACTO VIOLATION.

2. A MISCARRIAGE OF JUSTICE TO permit government and any court to enhance life sentence by MISDEMEANOR PRIORS and COFFEE GRINDS is NOT DRUGS.

3. VIOLATIONS OF DUE PROCESS, INACCURATE SENTENCING, MISDEMEANOR PRIORS, INVALID IMPORTATION DRUGS, AND "FRAUD" illegal search admission of MOSTLY COFFEE GRINDS & drugs.

4. Retroactive Jurisdictional claim intervening new law not barred by TEAGUE.

CHAMBERS NO TEAGUE BAR, he is ACTUALLY INNOCENT.

### Issue I, RETROACTIVE CHANGE OF LAW

U.S V MONTALVO 331 F 3d 1052 (9th cir 2003), "PROPERLY ARGUED RICHARDSON," deciding the meaning of a criminal statute enacted by Congress, BOUSLEY 523 US at 620, BAILEY 516 US 1143-44, BAILEY "NARROWS" the reach of firearms statute, RICHARDSON restrict the class of persons who can be convicted for CCE, ...ONLY THOSE who committed three predicate drug felonies by a UNANIMOUS JURY BEYOND A REASONABLE DOUBT. NEW RULE announced in BAILEY is substantive therefore retroactively applicable to criminal convictions that become final, BOUSLEY 523 US at 619-21. We reach the same conclusion about rule established by RICHARDSON. SEE McNALLY V UNITED STATES 97 L ED 2D 292 (1987) WHICH narrowed federal mail fraud statute is retroactive. UNITED STATES V SOOD 969 F 2D 774, 775-76 (9th cir 1992), Holding that UNITED STATES V BORDALLO 867 F2D 519, 524 (9th cir 1988) Narrowed federal bribery statute to exclude application to Guam is retroactive. UNITED STATES V McCLELLAND 941 F 2D 999, 1001 (9th cir 1991) holding UNITED

STATES V AGUON 851 F 2D 1158 (9th cir 1988) En Banc
inducement an element of federal extortion statute is
retroactive. Alaimalo in CHAMBERS, SOOD, BOUSLEY, McCLELLAND
ETC; are far superior to meet 2255 actual innocence and
miscarriage of justice.

    ***ALAIMALO is ACTUALLY INNOCENT OF;
A, IMPORTATION DRUG COUNTS, and EX POST FACTO remaining
counts.
B, OF MISDEMEANOR "PERSONAL USE" PRIORS TO LIFE ENHANCEMENT
for RESENTENCING analogous as new Supreme court BOOKER V
UNITED STATES 160 L ED 2D 205 (2005), and Ninth circuit  U.S
V AMELINE 400 F 3D 646 (9th cir 2005), Supreme court
"clarified" Sentencing guidelines, now advisory, Hence,
resentencing, new clarification applies to ACTUALLY INNOCENT
ALAIMALO. Alaimalo "OBJECTS" to advisory, the Supreme court
Back to back decided Proof beyond a doubt by JURY, NOT BY
JUDGE, THE JURY SHOULD DECIDE THE SENTENCING FACTS, 5TH,6TH
AMEND.


   Alaimalo "TRIED" to raise his issues by ATTORNEY
NEGLIGENCE;
1.  Letters to Attorney Sarah Courageous and copies sent to
Ninth circuit,
2.  When 2255 appeal was denied, filed Pro-se Frap 35,40 was
denied
3.  Alaimalo filed Illegal No probable search to Supreme
court and Illegal priors,
4.  Alaimalo filed to District court Guam, Guam transfered to
Ninth circuit for Certification Denied copy appendix 25.

\*\*\*Alaimalo Can be HEARD ON "FRAUD," ILLEGAL SEARCH AND FRAUD USE OF MISDEMEANORS,

Issue 2,3,and 6, THOMPSON V CALDERON "FRAUD" 60(b)(3)

REGINALD L. McCOY V UNITED STATES 11th cir No 04-12497-H, Sept 20, 2004, 11th circuit precedent law does not hear rule 60(b) motions, they count them as Successive applications. Although, the 11th circuit GRANTED this one, REGINALD'S rule 60(b) for FRAUD of the court and Prosecution using two unqualifying priors, to fool the court to ENHANCEMENT TO LIFE SENTENCE, by "FRAUD" CREATING a MISCARRIAGE OF JUSTICE. REGINALD filed over 20 motions up to 40 motions for relief, the 11th circuit granted REGINALD remand back to district court to be heard, and permitted to appeal his rule 60 (b) Fraud, use of two illegal priors. Apparently the two illegal priors for life enhancement met the 11th circuit "A MISCARRIAGE OF JUSTICE," to be HEARD.

\*\*\*Issue II, FRAUD, Alaimalo filed extension to preserve the 1 year limitation on REGINALD 11th circuit citation ON FILE AT NINTH CIRCUIT. SECONDLY, "FRAUD" meets the Alaimalo FRAUD of the government to permit FRAUD of the court to fool the court to "IMPED" JUSTICE, PREVENTING Alaimalo from developing his claims ILLEGAL SEARCH FOR SUCCESSIVE APPLICATION. The Government MANUFACTURED Officer's Palacio's fraud to meet exigent circumstances to VIOLATE Alaimalo's 4th amendment constitutional RIGHT. THOMAS SABLAN, hit the floor and his wife, when first Sargent IN LINE, "NO KNOCK AND

ANNOUNCE," 3109 VIOLATION, yelled hit the floor. Police went
in illegally handcuffed both Sablans for 5 minutes and then
took them both out of the house. Officer Palacio LIED, DID
NOT SEE THOMAS at the screen door when he was third officer
at the door, third behind two other officers, (IMPOSSIBLE)
LIED FALSE EVIDENCE UNDER OATH, Thomas appeared at the door
exited, then police entered, all "FRAUD." Appendix 103,
AFFIDAVIT was just 9th circuit NEWLY PRESENTED, GRIFFIN V
JOHNSON 350 F 3D 956, See U.S V McDONALD 979 F Supp 1057 at
1063, 11 Charles Alan Wright, Arthur, R. Miller & Mary Kay
Kane Fed practice ^2860 at 314, Justice Brennan wrote, New
Jersey Surpeme court "Testimony warrants disturbance of final
judgment must be shown by clear, convincing satisfactory
evidence to have been not false merely but to have been
willfully and purposely falsely given, to been material at
issues and not merely cumulative but probably have controlled
the result."
In Re HUNTER 66 F 3d 1002 (9th cir 1995), Kalt, raises
FRAUD, F.R.CV.P rule 60(b)(3), SAVINGS CLAUSE, CALLED
"INDEPENDENT ACTION" part, to relieve party from judgment
under FRAUD. See THOMPSON V CALDERON 151 F 3D 918 (9th cir
1998), id., note 3, Example,

   "IF STATE'S "MISCONDUCT PREVENTED" DEFENDANT FROM
TESTING POTENTIALLY EXCULPATORY EVIDENCE WHICH MIGHT PROVIDE
information necessary to assert factual predicate for
successive petition an "INDEPENDENT RULE 60(b)(3)" MOTION
MIGHT BE APPROPRIATE. In Application §2244 could afford NO
relief because petitioner would NOT HAVE necessary
exculpatory evidence in possession and State might well have

an INCENTIVE TO AVOID its DISCLOSURE OBLIGATIONS IN HABEAS
PROCEEDINGS, UNDER THOMAS V GOLDSMITH 99 F2D 746, 749 (9th
cir 1992). Thus under those circumstances it would be unfair
and INCONGRUENT to treat rule 60(b)(3) FRAUD as functionally
equivalent to successive petition. That is but one example,
a bright line rule equating all rule 60(b) motion as
functionally equivalent to successive petition. All 60(b)
motions considered at successive petitions would be
"IMPROPER." GOVERNMENT USED FRAUD TO SUPPORT ALAIMALO'S
"FRAUD."


   \*\*\*Issue II,    DOUBLE FRAUD OVER GOVERNMENT MISCONDUCT
FRAUD ILLEGAL SEARCH
F.I.O.A INFORMATION, See UNITED STATES V LAI 944 F 2D 1434
(9th cir 1991), See Appendix 18, Tom "Fook" affidavit says,
Officer Blessing LIED, I said, I DROPPED two bindles on the
floor from the cab, and "I got THE DRUGS FROM LAI'S
RESIDENCE," Ninth circuit said THIS GAVE POLICE PROBABLE
CAUSE to search Lai's residence. Corroborated by App 19,
Affidavit of Cab driver, Tom dropped nothing and did not say
that Police LIE. Police violated 3109 once in the house
search the kitchen with NO WARRANT, APP 22, investigator
report of Baby sister Ms Tam. See appendix 125, Lai's seized
LONG  BARREL Uzi Legal gun, ATF tampered change the gun
barrel PUT ILLEGAL SHORT BARREL FOR TRIAL, convicted Lai of a
legal gun.
Lai's FRAUD;

1. OFFICER LIED Tom dropped two bindles, to ILLEGALLY SEARCH,

2.  LIED TOM said got drugs from Lai.

3.  Violated 3109 Knock and announce,

4.  Illegally searched Lai's house no warrant,

5.  Warrant had no particulars to any records, seized records were unreasonable,

6.  2ND warrant had no probable cause yet, records seized for second time,

7.  ATF Tampered with gun to make illegal, See app 125.


   \*\*\*GOVERNMENT USED LAI'S FRAUD In Alaimalo'S FRAUD

1. Officer LIED false dog sniff, CANNOT SNIFF PASS COFFEE, as forensic report proves all coffee amounts with drugs.

2.  Officers LIED they followed the truck to Sablan's residence, trial records shows they LOST track of truck.

3.  Officer lied looked in wrong truck,

4.  Palacio LIED saw Thomas at screen door, OPENED DOOR AND EXITED, "ALL FALSE."

   Prosecution USED U.S V LAI, "FRAUD" to COVER ALAIMALO'S "FRAUD," FRAUD OVER FRAUD TO DENY Petitioners to DEVELOP CLAIMS, meets INDEPENDENT ACTION RIGHT TO BE HEARD in RULE 60(b)(3) "FRAUD," to PREVENT A MISCARRIAGE OF JUSTICE.

                         Conclusion

   Alaimalo COULD NOT DEVELOP HIS CLAIM BY GOVERNMENT'S DOUBLE FRAUD

           PROCEDURAL BAR, INEFFECTIVE COUNSELS AND NEGLIGENT ATTORNEYS

1. "Fraud" ILLEGAL search, 2, Unqualifying Misdemeanor priors, FOR RESENTENCING and 3. CABACCANG issue, 4. Ex post Facto, Attorney 1, Eric Butterfield, Attorney 2, Ms Lucy Brehm Suppression attorney, 3. Trial and sentencing Brian

O'Mallen missed the illegal FRAUD at trial, 4. Attorney
Richard Arens, was told by Justice at Oral hearing to raise
the NO PROBABLE CAUSE, Arens said yes, and will raise the NO
PROBABLE CAUSE, and did not.  See appendix 88, 89, Affidavit
of legal Ms Ruth Sanders that made the 2255 motion, spoke to
Arens, to sign an affidavit, but LATER refuse to SIGN, filed
in Habeas court.  Attorney Arens wrote back to Ms Sanders
said he did not think the issues were meritorious, app 88,
89.  (HOW CAN ANYONE NOT SEE INEFFECTIVE COUNSEL WHEN ORAL
ARGUMENT Justice 9th circuit TOLD ARENS to write the NO
PROBABLE CAUSE illegal search issues yet, he did not.   5th
Attorney, Ms Sarah Courageous, court appointed by ninth
circuit court, she did not raise the NO PROBABLE CAUSE issue,
and did NOT RAISE CABACCANG issue, she is listed as one OF
THE ATTORNEYS FOR CABACCANG, and she did not raise CABACCANG
ISSUE, SHE was "NEGLIGENT."  ALAIMALO sent letters to Sarah
to file no probable cause search, she would not file nor
agree to supplement the search.  Ninth circuit affirmed the
decision, Alaimalo send letter to Sarah to supplement FRAP
35, 40 MOTIONS, Sarah refuse to consider the issues.
Alaimalo filed Frap 35, 40, supplement to her attorney
Illegal search and was denied to file any supplement by 9th
circuit CHIEF JUDGE.

Issue IV  INEFFECTIVE AND ATTORNEY NEGLIGENT

See MURRAY V U.S 215 F 2D 460 (4th cir 2000), id., 463 at
(2-3), Traditional negligence cases, plaintiff must satisfy
following four basic elements by preponderance of evidence;

1.  Duty to client, a breach of duty to probable cause,

2. Breach of contract Express or Implied, by STATE BAR,

3. Causation, STANDARD BAR rules,

4. Harm or Injury he caused,

 Ms Sarah Courageous was Negligent, she should have raised the a, Illegal No probable cause search, b, breach of contract to defend her client, c. CABACCANG issue, d, Coeced consent to search,

d. Caused prejudice, 1, Cabaccang issues not raised, 2, Two misdemeanor priors Fraudulently used to enhance to life sentence, and 3, "FRAUD OVER DOUBLE FRAUD" illegal search that 9th circuit justice told Appeal Attorney to raise, 4. "DOUBLE" Ex post Facto violation.


        Issue IV   Ineffective Counsels, and Intervening Change of Law

    , UNITED STATES V FRADY 456 US 152, 167 (1982),

                    CAUSE AND PREJUDICE

 does not apply to Jurisdictional claims, Ninth circuit permits 2255 challenges from intervening change of law, SOOD at 775, BOUSLEY, MONTALVO.  INVALID importation counts Chief Judge En Banc in CABACCANG, SAYS NEW INTERPRETATION, DEFENDANTS committed IS NOT A CRIME, they are not precluded from raising jurisdictional defects, which goes to very power of the state to bring defendant into court to answer charge brought against him, CHAMBERS at 946, n 12, Citing UNITED STATES V BARBOA 777 F2D 1420, 1423, N 3, (10th cir 1985), Quote BLACKLEDGE V PERRY 417 US 21,30 (1974).

                    Conclusion to Failure to Raise

Alaimalo raised the legal "NOVELTY" and plague with
ineffective (5) five attorneys incompetence and Negligence,
failure to object and raise relevant law, meets the cause and
prejudice two prong STRICKLAND analysis, at 690.
Government's "FRAUD IMPEDIMENT," and COURT APPOINTED Sarah
Courageous "NEGLIGENT" Attorney officer of the court,
Government "IMPEDIMENT" again from raising claim, and MEETS
THE 4 PRONGS TEST FOR "NEGLIGENCE." GLOVER V UNITED STATES
148 L ED 2D 604 2001, PREJUDICE is defined, "Any amount of
jail time," by Supreme court. Alaiamalo prejudice to
admission of tainted evidence, misdemeanor priors and invalid
importation jurisdictional counts and double Ex Post Facto.

## Conclusion

As argued in SOOD, McCLELLEND, MONTALVO, because as
CHAMBERS at 946, Jurisdictional claims are not barred.


Issue IV, Attorneys Ineffective Negligence and "DOUBLE
FRAUD"

Alaimalo raised his Habeas attorney was "NEGLIGENT" and
failure to raise the "LEGAL NOVELTY," REED V ROSS, see;
2255 first 2255 motions. 28 USC 2255 Provides; 1 year
limitation shall apply to a motion under this section.
Limitation period shall run from latest of;
2. Date on which the "IMPEDIMENT" to making a motion created
by Governmental Action in violation of the Constitution or
laws of the United States is REMOVED, if defendant was
prevented from making a motion by such governmental Action.
3. Date on which the right asserted was initially recognized
by the Supreme court, if that right has been newly recognized

by Supreme court and made retroactively applicable to cases
on collateral review or;

4.   Date on which facts supporting claim or claims presented
could have been discovered through exercise of due diligence.


First IMPEDIMENT PREVENTING TO RAISE CLAIM, FRAUD,

Alaimalo meets 1 year rule IMPEDIMENT, no 2, Date which
impediment, "FRAUD" APP 103, Affidavit Thomas Sablan due
diligence hiding from Defendant, finally found him, to get an
affidavit, to prove, Government "IMPEDIMENT" MEETING FRAUD,
and now the rule 60(b)(3), REGINALD, one exception to reopen
litigation, "A miscarriage of justice."

No 3, New supreme court law, FIORE V WHITE, REMAND Fiore on
Due process not retroactivity, that the State Supreme court
new interpretation of Hazzard waste permit law, Fiore did not
violate the statute.   Here, new interpretation Ninth circuit
En Banc law, Alaimalo did not violate the "IMPORTATION"
statute.   Hence, FIORE "made" retroactive applicable to
collateral review, by remanding FIORE back to court on remand
collateral review, "MADE" retroactive the law, "NEW
INTERPRETATION" Fiore did not violate the law.

No 4,   Date which facts supporting claims could have been
discovered of due diligence,   REGINALD V UNITED STATES, 11th
circuit granted remand to pass the narrow gate successive
application upon "FRAUD" rule 60(b)(3), to prevent a
miscarriage of justice, that the two illegal FRAUD priors did
not qualify for LIFE sentence enhancement.

WRONG PRIORS

APP 85, PROSECUTOR says, delivered drugs is actually
9.5, BUT ONLY 2 GRAMS WAS PUT IN THE BOX. Count 5, 318 drugs
says is actually 50 grams not 318, (BUT FORENSIC REPORT SAYS
318 IS ALL COFFEE). Ex post facto violation count 6, 1018
committed in 1995, the law was 2 kilos 2000 grams. SEE APP
100, SEIZURE LIST, 29 OZ=812+74GR=886 *ACTUAL TOTAL* NOT
FRAUD PROSECUTORS TOTAL 1018, did not violate 21 USC
841(a)(1)(A)(viii), Ex post Facto violation using harrser
statute new law violates EX POST FACTO. Alaimalo is innocent
of count 4,5,6, drugs DO NOT MEET ALL THREE STATUTE CHARGES,
VIOLATIONS OF SENTENCING "EXCEEDING MAXIMUM" DUE PROCESS
VIOLATIONS AS IN WINSHIP, IVAN, BLAKELY, APPRENDI, BOOKER AND
FAN FAN. HE IS ACTUALLY INNOCENT OF ALL THREE COUNTS 4,5
AND 6.


Conclusion to DOUBLE Fraud Issue   Illegal search
The Court, Government police, Prosecution, Officer of the
Court Attorney, all IMPEDED Alaimalo from raising claims,
prevented him from developing claims, now the impediment is
raised FROM NEW AFFIDAVIT APP 103, did not have his
unobstructed shot from all the above, Governmental actions,
Alaimalo should be heard to prevent a Miscarriage of Justice.
WAINWRIGHT V TORNA 455 US 586 (1982), does not defeat
Alaimalo's "IMPEDIMENTS" "FRAUD" by the court and
Governmental misconduct, Government FRAUD Ex Post Facto,
facts and mitigating circumstances.

Issue I, Importation Actually Innocent Counts to
RETROACTIVE USSG AMENDMENTS 484, AND 591

IN CABACCANG, En Banc reversed All imported DRUG counts.
 Court remanded for resentencing to determine whether
imported drugs infected remaining counts, to EXCLUDE the
imported drugs, PINKERTON V U.S 90 L ED 1489 (1946), Ninth
En Banc court excluded all Attempted, imported and
"POSSESSION" of drugs. Under PINKERTON, court was required
to consider whether remaining count were infected by imported
drugs. PINKERTON V UNITED STATES 90 L ED 1489 (1946). UNDER
Retroactive amendment 591, USSG §1B1.3(a)(1)(A), sentencing
court must determine the amount of drugs excluding the jury
instructions and closing arguments of Imported drugs
infecting remaining drug counts.


***CABACCANG all imported drugs and "POSSESSION" counts ALL
dismissed, (AND SHOULD DISMISS ALL ALAIMALO'S POSSESSION
COUNTS 4,5,AND 6,). In CABACCANG count 6, 21 grams remain,
conspiracy to distribute, and money laundering counts.

        Alaimalo is Actually innocent of Remaining drug counts
ANALOGOUS to CABACCANG.
***Point 1, All drugs prosecution said, in, jury
instructions, closing arguments, and sentencing records,
count 6, "all drugs imported" catch-call count, now all
should be excluded.
Point 2, App 85, Prosecutor said was 9.5 grams,(only 2 grams
put in box by police) is under 10 grams old law and new law,
charged with 841(a)(1)(B), Fraud by prosecutor, Alaimalo
should be resentence to 841(a)(1)(C), MAX 20 YEARS.

Point 3, Count 5, 318 grams, app 85, prosecutor said, is actually 50 grams, (forensic report shows 318 is all COFFEE) 50 Grams is under 100 grams old law, committed in 1995. Ex post facto using new law 100 grams for 841(a)(1)(A), Also should be RESENTENCE TO 841(a)(1)(C) max 20 years.

Point 4, See appendix 100, Exhibit list of all drugs seized. Shows 74.07 grams total seized, (Under 100 grams). Count 1, and II, 9 oz and 20 oz =812 grams plus 74 grams = 886 grams total. Exhibit seizure list show NO MORE DRUGS, SO prosecutors 1018 he MADE up. 886 grams or 1018 grams is under old law 1995 year imported and that law says 2000 grams or 1 kilo. 886 grams is NOT OVER 2000 GRAMS, THUS, 841(a)(1)(A) IS NOT VIOLATED IN COUNT 6. Count 6 violates ex post facto as count 5, both were sentence to life. Both are INVALID from Ex post facto violation, UNITED STATES V SMALLWOOD 35 F 3D 414, 417 (9th cir 1994).

All the "MISDEMEANOR" drugs of Alaimalo should be dismissed, or RESENTENCE FROM EX POST FACTO violations USE OF MISDEMEANORS OLD LAW.


Issue II, ILLEGAL SEARCH, Police intercepted the Postal package,

LIED FRAUD, the dog sniffed the drugs, when 318, grams was coffee. Dogs cannot sniff pass the coffee. Police only put 2 grams of meth in the package. Alaimalo charged with 841(a)(1)(B) MAXIMUM 5 TO 40 YEARS A APPRENDI V NEW JERSEY 147 L ED 2D 435 (2000) A DUE PROCESS VIOLATION, UNITED STATES V BOOKER SIXTH AMENDMENT violation, sentence violated maximum sentence. Alaimalo only could be sentence at 2 grams to

841(a)(1)(C) maximum 20 years, WINSHIP 25 L ED 2D 368, retroactive due process violation.

Issue 3 and 6, MISDEMEANOR Priors and DOUBLE Ex Post Facto

"USER PERSONAL USE PRIORS"

UNITED STATES V JEFFERS 524 F 2D 253 (1975), NOTE 5, Legislative history mentions possession by an individual for his OWN USE, but this wording is included in House Report to distinguish mere possession from possession with intent to manufacture, distribute or dispense controlled substances illegally. House Report on P.L. 91-513, Drug Abuse Control Act, provides;

"Bill provides illegal possession of controlled drugs by individual for his OWN USE is a MISDEMEANOR, with sentence of up to 1 year imprisonment and fine not more $5,000 or both. Possession involved is possession for one's own use; possession with intent to distribute, subject to penalties prescribed for act of distribution. Quantity of drugs found in possession of a person of course, bears upon the question of whether or not his possession is for his own use, or is for the purpose of illicit transactions with others, which much more penalties are provided. H.R.Rep No 91-1444, 91St Cong, 1st Sess (1969), U.S Code Cong & Admin, News 1970, pp 4566, 4577. No mention is made of legal possession of minute amounts. This would lead one to conclude Congress only saw two categories of possession, possession of small amounts for personal use and possession to sell.

U.S V RODRIQUEZ-GONZALES 9th cir no 02-50594, Feb 19, 2004,

Ninth circuit held prior convictions "EXCEPTION" supporting
enhancement changing misdemeanor into felony must be charged
in indictment presented to grand jury and proven proof beyond
a doubt, EXCEPTION to APPRENDI V NEW JERSEY 147 L ED 2D 435
(2000), and UNITED STATES V BOOKER. FACTS in Alaimalo, his
two state priors were MISDEMEANORS, AND LESSOR THAN THAT,
WERE "PERSONAL USE" AT .32 grams and 1.23 grams, BOTH
PERSONAL USE. Under Old law 1995, State 2, 18 month
sentences were "MISDEMEANORS" FOR RESENTENCING, U.S V
AMELINE, 400 F 3D 646 (9th cir 2005), At (12) Under BOOKER,
while courts not bound by Sentencing guidelines, must consult
those guidelines into account when sentencing. At (14),
Sentencing discretion shall impose sufficient but NOT GREATER
THAN NECESSARY to comply with Act 18 USC 3553(a).

Conclusion to Issue III

Alaimalo's two misdemeanor "PERSONAL USE" priors violate
NINTH CIRCUIT RODRIQUEZ, APPRENDI, BOOKER, FAN FAN AND
WINSHIP due process not charged in indictment, error was not
harmless, cause substantial effect to jury, BRECHT V
ABRAHAMSON 123 L ED 2D 353 (1993). Two MISDEMEANOR priors
were illegal and should be resentence.


Issue 3 and 6, PERSONAL USE "DOUBLE" EX POST FACTO
VIOLATIONS RESENTENCING

See U.S V GLOVER 153 F 3D 749 (D.C.CIR 1998), FEDERAL
STATUTE RECLASSIFYING PRIOR STATE CONVICTION AS FELONIES FOR
SENTENCING REGARDLESS OF STATE CHARACTERIZATION DID NOT
violate ex post facto clause. See App 105, PSI, Facts in
Alaimalo, his .38 grams one prior and second 1.23 grams AND A

SMOKING PIPE, both personal use quantities, EX POST FACTO IS
VIOLATED turning the two MISDEMEANOR PRIORS INTO FELONIES,
Violation Art I, §9, cl 3, the 1994 amendment changed prior
state over 18 month sentences misdemeanors law to more than 1
year state imprisonment into felonies for 841(a),"felony drug
offense." In GLOVER, the penalty enhance the underlying
offense and DID NOT VIOLATE THE STATE PRIOR, so NO EX POST
FACTO violation in GLOVER, AND FIRST EX POST FACTO IN U.S V
SMALLWOOD. NOT SO IN Alaimalo, the "PERSONAL USE" two state
priors changed to felonies, enhanced the prior 2 state
misdemeanors into stricter priors, and "DOES violate the EX
POST FACTO." VIOLATES BY "FRAUD ALSO." Analogous to
RODRIQUEZ-GONZALES, THE CHANGING misdemeanor into felony must
be charged in indictment presented to grand jury proven proof
beyond a doubt, APPRENDI, BOOKER, WINSHIP, retroactive. A
jurisdictional defect analogous to CABACCANG, SOOD, CHAMBERS,
BOUSLEY, always is retroactive and TEAGUE does not rule
jurisdictional defects.

Conclusion

"SECOND" Ex post facto is violated here in Alaimalo, BY
FRAUDULENTLY changing 2 personal use state priors into
felonies. Alaimalo should be resentence to 2 MISDEMEANORS
that even "LESSOR INCLUDED" misdemeanors "PERSONAL USE" state
priors not to violate EX POST FACTO violation.


U.S V MONK 15 F 3D 25 (2nd cir 1994), §844 simple
possession of crack a misdemeanor but a felony punishable by
5 to 20 years if amount of mixture exceeds 5 grams. Id., 27,
Therefore, Monk possess more than 5 grams to treat crime a

felony. Thus, under 5 grams is a misdemeanor. Over 5 grams
as Alaimalo count 5, under 50 grams should be maximum
sentence 20 years. UNDER BOOKER, U.S V PURYEAR 940 F 2D 602
(10th cir 1991) Charged with 841, reduce to 844(a) simple
possession for indictment only charged "A DETECTABLE AMOUNT."
See below,***CABACCANG NOTE 24 Government can change 844
Simple possession.

U.S V PUCKETT 405 F 3D 589 (7th cir 2005), note 12,
PUCKETT'S counsel claimed defendant was a producer in music
business that this line of business are notorious for
prodigious drug use. Counsel argued Puckett possessed such a
large amount because he bought in "BULK quantity" IN ORDER to
get a better deal. However, Puckett DID not present THIS
ARGUMENT at district court nor even refer to it in opening
brief. Accordingly it is waived. Alaimalo tried to file his
ILLEGAL BOOKER MISDEMEANOR PRIORS in supplement, Alaimalo
does not waive his MISDEMEANORS PERSONAL USE, for a BOOKER
RESENTENCING. There was absolutely NO PROOF Alaimalo was
selling drugs. Excluding the importation drugs should be all
drugs, but count 4,5, would be 50 and 2 grams=52 grams. 52
grams matches Thomas Sablan and Alaimalo "PERSONAL USE" both
smokers using meth. Search found no baggies, no beepers, no
paraphernalia for selling drugs. At trial court showed
Thomas smoked meth with a pipe, and consistent with
Alaimalo's two state misdemeanor priors, .32 grams and 1.23
grams caught with a pipe, consistent with "PERSONAL USE."
HERE, U.S V PUCKETT, a large "BULK" QUANTITY to get a better
deal, it not raise "DEFAULTED."

DURAN V CASTRO 227 F SUPP 2D 1121 (E.D.Cal 2002), Note
13, PASSING Proposition 36, California voters reiterated
their judgment that "SIMPLE POSSESSION" offenses were NOT
SERIOUS.  To preserve prison cells for serious and violent
offenders, 2000 Cal.Legis. serv. Prop 36§3(c).  California
simple possession of heroin is neither serious nor violent
crime.  Cf, Harmelin, at 999-1000. California's three strikes
law itself does not categorize simple possession of heroin a
serious crime, CAL Penal Code §667(d).  Cal Penal Code §1000,
Prop 36, become mandate, Simple possession merits only
probation and drug treatment incarceration may not be
imposed.

For Resentencing analogous to BOOKER, AMELINE, can
consider Alaimalo two State Misdemeanor "PERSONAL USE" priors
MEETS ACTUAL INNOCENCE for 2241.


U.S V TRENTON CA 7, (ILL), 67 Fed Appx 932, 2003 (WL
1979031) erroneous failure of indictment to charge amount of
crack in defendant's conspiracy to possess crack, sentence to
20 years due to two felony drug convictions possessed more
than one gram of crack, 844(a).  Analogous to Alaimalo, two
feloney priors for simple possession 844(a) maximum sentence
is 20 years.


In U.S V WRIGHT 131 F 3D 1111 (4th cir 1997), id 1113,
Wright did not have any scales consistent with street dealing
cause rocks are sold by size not weight, WRIGHT was not is
possession of a "CRACK PIPE," of other means of smoking large

quantity of crack TO PROVE WRIGHT PERSONAL USED DRUGS.
WRIGHT was found with possession of 3.25 grams of crack.  In
Alaimalo, APP 105, PRE-SENTENCE REPORT, his two priors, .38
grams and 1.23 grams, was found with crack pipe to prove
"PERSONAL USE."


   U.S V TROTTER 270 F 3d 1150 (7th cir 2001), USSG
§7B1.1(a)(2), Grade C simple possession and use of a drug,
without intent to distribute is not a "CONTROLLED SUBSTANCE"
OFFENSE, USSG 4B1.2(b) App 1, Grade C, possession of personal
use quantities is a civil offense punishable by fine 21 USC
844(a).  §844(a) by repeat offender is punishable by up to
two years imprisonment.  U.S V CLARO 65 F SUPP2D 872 (C.D.Ill
1999),

   REPEAT OFFENDER Alaimalo maximum sentence 844(a) 20
years.


   CABACCANG NOTE 24, Ninth circuit says, GOVERNMENT CAN
PROSECUTE SIMPLE POSSESSION 844(a)

   UNITED STATES V BOOKER, resentencing Guidelines now
advisory, See U.S V PURYEAR 940 F 2D 602 (10th cir 1991),
Puryear was indicted 21 USC §841(a)(1) 1988, and 924(c).
Police search found chips cocaine base in kitchen 32 grams.
Close of trial Puryear requested jury instructions 21 USC
844(a), simple possession, no drugs were admitted to jury.
Sentencing judge used possession over 5 or more grams base
sentence to 5 year minimum sentence 844(a).  Puryear appeal,
contents, jury must decide amount of drugs, possessed, We
agree therefore reversed.  Puryear 10th circuit reversed that

drug quantity support "MISDEMEANOR" not felony sentence.
U.S V MICHAEL 10 F 3D 838 (D.C Cir 1993), U.S V DEISCH 20 F
3D 139 (5th cir 1994), U.S V SHARP 12 F 3D 605 (6th cir
1993), U.S V BROOKS 940 F 2D 598 (10th cir 1991), U.S V
LINARES 921 F 2D 841 (9th cir 1990), Linares charged with
841(a), and superseding charged 844(a) 10 grams of
methamphetamine 21 USC 844(a) sentence six months custody and
one year supervised release. At (3), §844(a) For misdemeanor
simple possession of controlled substances, as our prior
decisions UNITED STATES V DOERING 909 F 2D 392 (9th cir
1990), UNITED STATES V MONENEGRO-ROJO 908 F 2D 425, 432 N 9
(9th cir 1990), UNITED STATES V ROBERTSON 901 F 2D 733 (9th
cir 1990), U.S V LAAKKONEN 149 F SUPP2D 315 (W.D.KY 2001),
§841(b)(4) Prescribes sentence for person who violates
distributing a small amount of marijuana for no remuneration.
 844(b) governs simple possession and carries a one year
maximum. *841(b)(1)(D) apply only if §841(b)(4) does not
apply.

    Alaimalo 841(b)(1)(D) is maximum 20 years, and (841(b)(4)
is less than 20 years.
In PURYEAR, 3 ounces of crack, equivalency table, 1 gram base
= 20 kilograms marijuana. 3 oz Times 28=84 grams. 84 grams
base time 20 kilo= 1680 kilograms of marijuana.
In U.S V LINARES 921 F 2d 841 (9th cir 1990), *844(a) was
misdemeanor for 10 grams of methamphetamine.
In U.S V SHARP 12 F 3D 605 (6th cir 1993), 15.9 grams of
crack, times 20 kilograms =320 kilograms of marijuana.
In U.S V BROOKS 940 F 2D 598 (10th cir 1991), 32 grams base
times 20 kilo= 640 kilograms.

In U.S V DEISCH 20 F3D 139 (5th cir 1994), 64.98 grams base= 1300 kilos marijuana.

In U.S V MICHAEL 10 F 3D 838 (D.C Cir 1993), 26.75 grams base =540 kilograms of Marijuana.


Conclusion to other Circuits, ALL DRUGS SHOULD BE DISMISSED AS CABACCANG and TWICE EX POST FACTO, BUT AT WORST;


Alaimalo's count 4, =2 grams Meth, count 5, =48 grams meth=total 50 grams Meth. Count 6 all imported dropped with count 1,2,3,. 50 grams meth times 2 kilos = 100 kilograms of marijuana. Comparable to above circuits,

1. PURYEAR 10th cir, 1680 Kilograms Marijuana,

2. LINARES 9th cir, 20 Kilo Marijuana

3. SHARP 6th cir 320 KIlo Mari,

4. BROOKS 10th cir 640 Kilo Mari,

5. DEISH 5th cir 1300 Kilo Mari,

6. MICHAEL D.C Cir 540 Kilo Mari,

Alaimalo's 100 kilograms analogous to all circuit citations above, Alaimalo should be resentence to 844(a) simple possesssion, to BOOKER, AMELINE,

Applying Sixth amendment holding in BLAKELY to federal guidelines, any fact (EXCEPT U.S V RODRIQUEZ-GONZALES, 9th circuit applies to prior misdemeanors), necessary to support sentence exceeding maximum must be admitted or proved to jury beyond a reasonable doubt, BOOKER 125 S CT at 756. Though not mandatory district courts must consider guidelines factors by Congress in 18 USC 3553(a)(1)(i) Incorporate Sentencing Commission into amendments issues §994(p).

As in Alaimalo, Amendment 484 and 591 both retroactive to
CORRECT "FRAUD" DRUG QUANTITIES, and "FRAUD MISDEMEANORS."
U.S V PETTY, for accurate sentencing meeting due process 5th
and 14th amendments. AS the NEW BOOKER SENTENCING?
****844(a), provides...violation shall be sentence to 1 year
imprisonment, if 2 or more priors, of any State, shall be
sentence imprisonment not less than 90 days or not more than
3 years. Cocaine base shall be imprisoned 5 to 20
years...if conviction such mixture exceeds 5 grams, one prior
mixture exceeds 3 grams, two priors mixture exceeds 1 gram.
***UNITED STATES V HOLLOWAY 744 F 2D 527 (1984), NOTE 5,
Possession of controlled drugs is made a misdemeanor, H.R Rep
no 911444, 91st Cong, 2d Sess.
***U.S V HURST 78 F 3D 482, 484, (10th cir 1996), Simple
possession of controlled substance is not a "CONTROLLED
SUBSTANCE OFFENSE" meaning of guidelines, USSG §4B1.2(b).
***U.S V PUCKETT 405 F 3D 589 (7th cir 2005), Note 12, Oral
argument, Puckett's counsel claimed he was in the music
business, and had drugs for personal use. PUCKETT possessed
large amount because he bought in BULK quantity in order to
get a better deal, Puckett DID NOT present this argument to
district court nor refer to it in opening brief. Accordingly
it is WAIVED.
NO SO IN ALAIMALO, Alaimalo DOES NOT WAIVE FRAUD PERSONAL
USE, HE HAD no beepers, no baggies, his two state priors was
.38 grams and 1.23 grams and a crack pipe, consistent with
personal use. Alaimalo DOES NOT WAIVE HIS PERSONAL USE FRAUD
PRIORS.
***U.S V WALLACE 90 F SUPP2D 1196 (D KAN 2000), At 1198,

Simple possession is NOT A "CONTROLLED SUBSTANCE OFFENSE,
USSG 4B1.2(b), UNITED STATES V YOUNG 41 F 3d 1184, (7th cir
1994), §7B1.1(a)(2) is punishable with prior conviction up to
two years imprisonment §844.
***U.S V FARRELLY 389 F 3DE 649 (6th cir 2004), id., 661,
844(a) Simple possession maximum one year.

Alaimalo should be considered as BOOKER, 18 USC 3553(b)
USSG 5K2.0 DOWNWARD DEPARTURE U.S V BOWSER 941 F 2D 1019
(10th cir 1991), id., 1024, Prior history was Over-
represented, his two previous convictions were 1. committed
when he was merely twenty years old, 2.  Committed within two
months of each other, 3.  Punished by concurrent sentences in
Kansas state court.  ID 1025, GUIDELINES §4A1.2(a)(2) app n
3, consolidated for sentencing can result in under
representation of defendant's criminal history, We hold
district court did not err in considering three factors in
combination for downward departure was appropriate.
Defendant, a, under 21 years old, b, Occurred two months
apart, c. was given concurrent sentences.

Alaimalo "MIRRORS" BOWSER, his 1. Two prior were both
under 21 years old, 2. they occurred two months apart, 3.
Both sentence concurrent sentences.  Alaimalo's sentence
should downward depart for his two state Priors both for
"PERSONAL USE."


NEW ISSUE VII BY FRAUD In Summary LIFE is GROSSLY
DISPROPORTIONATE

DURAN V CASTRO 227 F SUPP2D 1121 (E.D.Cal 2002),
Petitioner's LIFE SENTENCE is grossly disproportionate is

fully supported.  At (18) General analytic framework for

reviewing sentence for proportionality clearly established

finally reviewed by California courts in 1999.  See ANDRADE V

ATTORNEY GENERAL OF STATE OF CALIFORNIA 270 F 3D 743, 766

(9th cir 2001), Law governing application of Eighth Amendment

to NON-violent OFFENDERS SENTENCE TO LIFE IMPRISONMENT WAS

CLEARLY established Court of Appeals 1997 DECISION.  HARMELIN

V MICHIGAN 115 L ED 2D 836 (1991) PROVIDED ENOUGH AMBIGUITY

in law that states could simply claim ignorance and run

roughshod over the Eighth amendment by the time Calif court

of Appeals reviewed petitioner's sentence Supreme court had

reiterated by Justice Kennedy in HARMELIN Solem's gross

disproportionality standard governed.  BAJAKAJAN 524 US at

336-37 (1998).

In sum, Alaimalo's two state priors by USSG retroactive

amendments 484, 591, for two .38 grams and 1.23 grams and a

smoking pipe, means "PERSONAL USE."  To sentence two EX POST

FACTO misdemeanors to enhance Federal convictions to life

sentences would be GROSSLY DISPROPORTIONATE and quote...run

roughshod over the Eighth amendment.  Alaimalo should be

resentence excluding the two misdemeanors Ex post facto, to

his appropriate 188 months 15 year sentence for left over

drugs 50 grams.


Conclusion to USE OF FRAUD MISDEMEANOR PERSONAL USER
QUANTITIES

Alaimalo's "NOVELTY" PERSONAL USE, little law available

because As Congress intent, H.R.Rep No 91-1444, 91st Cong,

personal use is a misdemeanor, there's two possessions,

1. Simple possession and

2. Personal Use,

Personal use two priors by federal law is a misdemeanor, U.S V KEMP 938 F 2D 1020 (9th cir 1991), Court must examine Federal law and State conviction similar to Federal sentence.

Personal use is misdemeanor controlled by Federal law. Alaimalo's RESENTENCING MUST EXCLUDE MISDEMEANORS PERSONAL USE BY FRAUD PRIORS to PREVENT A MISCARRIGE OF JUSTICE.

NEW ISSUE VIII  Alaimalo Preserves his SUPREME COURT LAW
BOOKER Retroactive sentencing rules

Sentencing guidelines and here defined for resentencing,
U.S V BOOKER.  U.S V MONTILLA 870 F 2D 549, 552 (9th cir
1989), BOOKER is jurisdictional claim can be raised at any
time, as CHAMBERS.

The circuit courts asked Supreme court to clarify BLAKELY
V WASHINGTON 159 L ED 2D 403 (2004), Stating, convictions
must be proven beyond a reasonable doubt and not only by the
Judge, U.S Const amend 5,6,and 14th.  BOOKER clarified the
decision;

***Retroactivity Exception One;

TYLER V CAIN 150 L ED 2D 632 AT 652 cites PENRY V LYNTAUGH
106 L ED 2D 256 (1985), IF court holds eight amendment
prohibits execution of persons with Mental retardation, this
rule would be retroactive in collateral review.  Analogously;
1. In Re Winship 25 L ED 2D 368 (1970) SUP Crt, RETROACTIVE,
2.  IVAN V CITY OF NEW YORK 12 L ED 2D 569 (1972)
RETROACTIVE,
3.  JONES V UNITED STATES 526 US 227, 244 (1999),
4.  RING V ARIZONA 536 US 584 (2002),
5.  RICHARDSON V UNITED STATES 143 L ED 2D 985 (1999),
6.  APPRENDI V NEW JERSEY 147 L ED 2D 435 (2000),
7.  BLAKELY V WASHINGTON 159 L ED 2D 403 (2004),
8.  UNITED STATES V BOOKER 160 L ED 2D 621 (JAN 12, 2005),
9.  UNITED STATES V FAN FAN, supra

Analogous to PENRY, Supreme court held, 5th and 14th
amendments PROHIBITS proof by preponderance of evidence by
the judge, must be by jury Proof beyond a reasonable doubt.

Supreme court said this law in PENRY, and says this law in
BOOKER AND ALL ABOVE SHOULD BE RETROACTIVE analogous to
PENRY.

   \*\*\*SECOND EXCEPTION IN TYLER V CAIN,

    BACK TO BACK DECISION, Were retroactive and repeated by
Supreme court from beginning WINSHIP AND IVAN, (7) seven more
holding, meets the "TYLER V CAIN" MULTIPLE HOLDINGS, should
be retroactive.

   \*\*\*EXCEPTION THREE, CLARIFICATION,

  UNITED STATES V GARCIA-CRUZ 40 F 3D 986, 990 (9th cir
1994), Clarifying amendment are retroactive. Supreme court
was asked to revisit BLAKELY to define for all the circuit
courts. BOOKER AND FAN FAN defined, clarified BLAKELY, even
AMELINE, 376 F 3D AT 973, SAYS BLAKELY'S "CLARIFICATION", of
defendant's sixth amendment rights worked a sea of change in
sentencing law.

   \*\*\*Fourth Exception Retroactivity,

  BOOKER invalidated guidelines and sixth amendment jury
trial violations, as in APPRENDI V NEW JERSEY, compels 5th
amendment DUE PROCESS doctrine and in FIORE V WHITE.
Retroactivity habeas petitions should present NO GREAT
PROBLEM.

   \*\*\*Fifth Retroactivity Exception

 IN RE WINSHIP 25 L ED 2D 368, SIXTH amendment violation
reaffirmed by APPRENDI, any fact other than prior conviction,
(Except Ninth circuit RODRIGUEZ prior misdemeanors exception)
supporting a sentence exceeding maximum must be proven by
jury beyond a reasonable doubt. Supreme court in WINSHIP
must be given complete retroactive effect final or otherwise.

***Sixth Exception,

BOOKER'S "intent" COLLINS V YOUNGBLOOD 111 L ED 2D 30
(1990), RETROACTIVE BY RIVERS V ROADWAY, BOOKER clarified
CONGRESS INTENT make retroactive by BOOKER'S defining
Congress's intent.

***Seventh Exception;

TYLER V CAIN at 652, Retroactivity new rule is (MADE)
retroactive from all repeated same 1 thru 9 decisions from
FIRST retroactive law WINSHIP.


CONCLUSION SEA OF CHANGES IN SENTENCING, BOOKER

BOOKER DEFINED CLARIFIED BLAKELY, APPRENDI, NINTH
CIRCUIT RODRIQUEZ-GONZALEZ 358 F3D 1156, (9th) APPRENDI
cannot use FRAUD MISDEMEANORS must be indictment, for
RESENTENCING, Alaimalo should be heard to prevent a
miscarriage of justice. CONFLICT OF BOOKER? ABOVE (9) NINE
Supreme court decisions say, Jury, by Proof beyond a
reasonable doubt. But BOOKER says Sentencing judge can use
Sentencing guidelines as REMEDIAL? So one says BY THE JURY,
and Booker says? Remedial by Judge? Which is it? By Judge or
by Jury. Ninth circuit has NOT DECIDED YET.


4. Motion for Notice of Appeal if Reconsideration Not Heard,


5. Motion Notice of Appeal 60 days limit for habeas corpus
"PLACED IN ABEYANCE" until reconsideration is decided, or
Related 2241 May transfer to this court for Jurisdiction to
be heard.

Issue IIA, Relate Back to First Timely filed Habeas
Corpus

MALYLE V FELIZ 125 S CT 2562 (JUNE 2005) At 2564, New
Amendments made after statute of limitations has run "RELATE
BACK TO DATE OF ORIGINAL PLEADING if amended pleadings arise
out of same conduct, transactions or occurrence, Rule
15(c)(2). Majority circuits define"conduct, transactions or
occurence" a new claim amended habeas petition will RELATE
BACK for federal habeas claims challenge constitutionality of
conviction or sentence. Allowing circuits to relate back
when claims "ADDED BY AMENDMENTS" arise from same core of
facts. (As here USSG amendments 484, 591 both RETROACTIVE
for SENTENCING).

Alaimalo meets the amendments RETROACTIVE amendments
484, and 591 to RELATED BACK TO ORIGINAL 2255 PLEADING TO BE
HEARD.

### Conclusion

For all the reasons above, New Surpeme court Law Rule
15(c) and Rule 60(b)(3) "FRAUD" GIVES THIS COURT
JURISDICTION. ALL issues as CABACCANG 9th circuit reversed
all Importation counts, Attempt and possession included;
1. All counts 4,5,6 should be dismiss as CABACCANG,
2. TWICE EX POST FACTO Violations count 4,5 and 6 all should
be resentence to a, exclude the "FRAUD" misdemeanor priors
and b, "FRAUD" WRONG DRUG STATUTE, AND AMOUNTS TO
841(a)(1)(A) and (B) Should be"resentence to 841(a)(1)(C)" as
in BOOKER.
3. From NO DETECTABLVE AMOUNT jury instructions, Alaimalo
can be resentence to 844(a) simple possession max 20 years.

4.   "DOUBLE FRAUD" ILLEGAL FRAUD SEARCH BE HEARD,

5.   Filed his Notice of Appeal and prays to be put in

Abeyance until Reconsideration or 2241 is transfered to this

court.

Alaimalo meets the Actual Innocence for 2255 Miscarriage of

Justice FROM FRAUD AND DOUBLE EX POST FACTO to be heard, U.S

Const Amend 4th,5th,6th,8th, and 14th Violations of RIGHTS.

    Thank You

*Vaatausili mark alaimalo*

    Vaatausili Mark Alaimalo  Pro-se


                    Certification

    I certify that all the above is all true and correct under

penalty of perjury, Dated August |{ 2005, Notary, 28 USC

1746, In lieu of Notary.  HOUSTON V LACK 101 L ED 2D 245

(1988), Filed to prison mail box, and true copy sent to;

***Assistant U.S Attorney,

 Ms Karon V. Johnson Esq,

 Suite 500, Sirena Plaza

 108 Hermaan Cortes Ave

 Hagatna, Guam 96910

    Thank You

*Vaatausili mark alaimalo*

    Vaatausili Mark Alaimalo Pro-se

2241
Prime

Aug 2, 2005                    Table of Contents

1.  Appendix 25, District court of Guam denied 2255 and
successive application.

2.  App 85, Count 5, 318.64 grams, Prosecutor say, it only 50
grams.

3.  App 86, total grams seized 74 grams, all imported 1018
grams.

4.  App 87,  Count 4,5 and 6, all were inported, Closing
argument to jury.

5.  App 88, Legal Ruth Sanders 2255, Direct Appeal Attorney
Arens was INEFFECTIVE

6.  APP 89, ATTORNEY ARENS WOULD NOT SIGN HIS INEFFECTIVENESS

7.  APP 100, Exhibit list "ALL DRUGS SEIZED,"=74.074 GRAMS
TOTAL

8.  APP 103, Affidavit of Thomas Sablan FRAUD SEARCH,

8.  APP 105, Psi paragraph 38, .38 grams and pg 2, para 39,
1.23 grams and pipe, PERSONAL USE.

     F.I.O.A, U.S V LAI 944 F 2D 1434 (9th cir 1991)

10.  App 18,  Affidavit of Tom "Fook" Police LIED FRAUD
ILLEGAL SEARCH

11.  APP 19  INVESTIGATOR REPORT CAB DRIVER CORROBORATES TOM,

12.  APP 22,  LAI'S BABY SISTER, POLICE VIOLATE 3109 KNOCK N'
ANNOUNCE AND ILLEGALL SEACHED

13.  APP 125, ATF IN LAI, FRAUD LEGAL SEIZED GUN CHANGE
BARREL TO SHORT MAKING IT ILLEGAL FOR TRIAL.

FILED
DISTRICT COURT OF GUAM
JUN 13 2005
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

VAATAUSILI MARK ALAIMALO,

    Defendant-Petitioner,

        vs.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

Criminal Case No. 96-00039

Civil Case No. 03-00044

### ORDER

    Petitioner Vaatausili Mark Alaimalo filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("motion"). Since this was Petitioner's second motion for § 2255 relief, the Court transferred Petitioner's motion to the Ninth Circuit Court of Appeals for Certification to appeal[1]. On July 15, 2004, the Ninth Circuit denied the petitioner's request for authorization to file a second petition for relief. As such, this Court lacks jurisdiction to consider the petitioner's § 2255 motion. Accordingly, petitioner's motion is hereby DISMISSED.

    **SO ORDERED** this 13 day of June, 2005.

Notice is hereby given that this document was
entered on the docket on 6-13-05.
No separate notice of entry on the docket will
be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Marly B. Alcon 6-13-05
    Deputy Clerk    Date

RICARDO S. MARTINEZ
United States District Judge

[1] See, Order filed April 29, 2004. Docket No. 113.

* The Honorable Ricardo S. Martinez, United States District Judge for Western Washington, by designation.

1   10 years." So Count Four has a 10-year minimum

2   mandatory term.

3           That leaves Count Five, which is, again,

4   possession with intent to distribute. That's 841.

5   That's 318.64 grams. That's a net amount, I believe.

6           I may be mistaken. I need to check on that,

7   Your Honor.

8           Count Five refers to the amount of meth that

9   was buried in the ground, Your Honor.

10          THE COURT: Yes.                              50 GRAMS

11          MR. GLANG: And that total amount based on the

12  analysis set forth in my reply to the PSI, page 3, the

13  middle there, the total amount of meth seized in this

14  case regardless -- I'm sorry -- the total amount of

15  methamphetamine actual seized in this case was 14 grams

16  plus in the mail parcel, 9.5 in the hollowed-out

17  markers, the 50 grams buried in the ground.

18          So 50 grams were buried in the ground, that's

19  the net amount for Count Five. 50 is in between 10 and

20  100, and therefore, that same penalty provision of

21  minimum of 10 years, Your Honor, 10 years on Count Five.

22          THE COURT: Then of course you have Six.

23          MR. GLANG: And then Count Six is, as discussed

24  previously, is life.

25          THE COURT: Mandatory.

1   conduct of the grams of methamphetamine is erroneous.

2   The Government's parsed out gram by gram how the total

3   amount of methamphetamine that was actually seized in

4   this case was 74.0171 grams.  However, the appropriate

5   measuring stick in terms of applying the statute is the

6   amount of methamphetamine that was seized in a parcel,

7   that's 206.89 grams, plus the 9 ounces that the

8   defendant admitted importing in a prior importation,

9   plus another 20 ounces that the defendant admitted

10  importing.

11          Essentially the Government has performed the

12  math here, and that even if you give the benefit of the

13  doubt to the defendant that the methamphetamine which

14  was seized in his residence in a hollowed-out marker, as

15  well as that which was buried out under the ground, even

16  if the benefit of the doubt were given to the defendant

17  that methamphetamine came from the two -- all of it came

18  from the two prior admitted importations, at the very

19  least, the rock bottom amount of methamphetamine

20  attributable to the defendant is in fact 812 grams, plus

21  206 grams, for a grand total 1,018 grams.  That's

22  regardless of purity.  That is in excess of 1,000 grams.

23          The Government's contention is that the Liquori

24  case, which is at 5 Fed. 3d 435, is directly on point in

25  this case.  The situation is absolutely identical,

*Wanda M. Miles, C.S.R.*
*Official Court Reporter*
*United States District Court*
*Agana, Guam 96910*

1    4  Count IV, as you can see, refers to the 68.41

2    grams of methamphetamine that was seized inside the

3    five markers inside the gym bag inside the bedroom of

4    the Defendant's bedroom.  If you add up the five net

5    weight figures that were given to us yesterday by

6    analyst Amalia Himaya, the net weight, exclusive of

7    packaging of the five markers, the packages within

8    those markers, that's your total.  So that's what this

9    refers to.

10    5  Count V refers to the methamphetamine that

11    was dug up or buried in the ground that the Defendant

12    pointed out, which the officers dug up with a shovel.

13    Again, this is the addition of two separate Amalia

14    Himaya figures which total 318.64 grams net weight,

15    exclusive of packaging.  So the charges are that he

16    possessed the drugs in the markers with the intent to

17    distribute them, as he did the methamphetamine that

18    was buried in the ground.

19    6  Count VI is a catchall count which refers,

20    again eliminating the weights, refers to the time

21    frame when he admitted that he began to import, that

22    is, March of 1994, and the date of the arrest, which

23    is October 6th of 1995.  Obviously, he not only

24    imported it, but he possessed it with the intent to

25    distribute it because, having imported it, he received

# AFFIDAVIT

I, Ruth Sanders, on this 18th day of November, 1999, do solemnly swear that, to the best of my knowledge, the following are true and correct statements regarding my conversations with appellate attorney Mr. Richard Arens in the case of the <u>United States of America v. Vaatausili Mark Alaimalo</u>, United States District Court for the District of Guam, Case No. 96-00039-00:

1. I first spoke with Mr. Richard Arens on October 7, 1999, about his former client, Vaa Alaimalo. During that conversation, Mr. Arens told me that it never occurred to him to raise lack of probable cause as issue in Mr. Alaimalo's case. He told me that when he argued the case before the Ninth Circuit Panel, the Judges indicated to him that they did not think there was probable cause for the agents to enter Mr. Alaimalo's house. Mr. Arens stated that he felt his oversight was an error, and that he should have addressed this issue.

2. On October 12, 1999, I sent an affidavit to Mr. Arens, summarizing what he told me during our telephone conversation. He did not return the affidavit.

3. On October 25, 1999, I received a voice-mail message from Mr. Arens. In the message, Mr. Arens stated that he wanted to clarify why he had not raised the issue of lack of probable cause. He stated that the reason he did not raise the issue was that he did not consider it meritorious.

Respectfully,

Ruth Sanders, Affiant

SUBSCRIBED TO AND SWORN TO before me this _18_ day of November 1999.

Notary Public

My Commission Expires: 5/9/02

## AFFIDAVIT

I, Richard P. Arens, on this _____ day of October, 1999, do solemnly swear that, to the best of knowledge, the following are true and correct statements of my involvement in the case of United States v. Vaatausili Mark Alaimalo, United States District Court for the District of Guam, Case No. 96-00039-001, Ninth Circuit Docket No. 97-10454:

1. I did not consider raising the issue of probable cause as a defense in Mr. Alaimalo's direct appeal to the Ninth Circuit Court of Appeals.

2. At oral argument, the Ninth Circuit panel indicated that they did not believe that the police had probable cause to enter Mr. Alaimalo's house.

3. As a result of the Ninth Circuit panel's inquiry, I believe that my failure to raise the issue of probable cause was an error.

Respectfully,

_____

Richard P. Arens, Affiant

SUBSCRIBED AND SWORN TO before me this _____ day of October, 1999

_____

Notary Public

My Commission Expires:

alaimalo.exh

FREDERICK A. BLACK
United States Attorney
JOHN N. GLANG
Assistant U.S. Attorney
Suite 502-A, Pacific News Bldg.
238 Archbishop Flores Street
Agana, Guam  96910
TEL:  (671) 472-7332/7283
FAX:  (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

JUN 1 6 1997

MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>            Plaintiff, )<br>)<br>      vs. )<br>)<br>VAATAUSILI MARK ALAIMALO, )<br>)<br>         Defendant. )<br>_____) | CRIMINAL CASE NO. 96-00039<br><br>**UNITED STATES'<br>EXHIBIT LIST** |

COMES NOW the United States and hereby files with the Court a list of proposed exhibits to be introduced in its case-in-chief.

Respectfully submitted this 16th day of June, 1997.

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

HIGHSMITH & O'MALLAN, P.C.
ATTORNEYS AT LAW

JUN 17 1997
TIME: 11:00 Am
BY: _____

By: _____
JOHN N. GLANG
Assistant U.S. Attorney

# UNITED STATES EXHIBIT LIST

No.                            Exhibit

1         One heat-sealed plastic bag with attached Custody Receipt containing 1) two small vials containing 0.2719 grams of methamphetamine and 2) a plastic bag

2         One heat-sealed plastic bag with attached Custody Receipt containing 1) two plastic jars containing 206.89 grams of methamphetamine; 2) a ziplock bag with four empty plastic bags and 3) a small glass vial containing a sample of methamphetamine

3         One large heat-sealed plastic bag with attached Custody Receipt containing one medium-sized heat-sealed plastic bag containing 1) a heat-sealed plastic bag with a plastic vial containing 6.6764 grams of methamphetamine and a plastic bag and 2) a heat-sealed plastic bag with a plastic vial containing 5.9010 grams of methamphetamine and a plastic bag

4         One heat-sealed plastic bag containing two plastic vials and plastic bags and 21.7385 grams of methamphetamine

5         One heat-sealed plastic bag containing a plastic vial and plastic bags and 19.3617 grams of methamphetamine

6         One heat-sealed plastic bag containing a plastic vial and plastic bags and 5.6132 grams of methamphetamine

7         One heat-sealed plastic bag containing a plastic vial and plastic bags and 9.1429 grams of methamphetamine

8         One large United States Customs evidence bag with attached Custody Receipt containing one Bunny Market plastic bag and a rectangular taped plastic container and a round plastic jar with a white lid containing ground coffee

9         One ziplock bag containing 1) a plastic bag with a plastic jar and plastic packages and 2) a heat-sealed plastic bag containing a plastic vial; all containing 207.92 grams of methamphetamine

10        One ziplock plastic bag containing 1) a plastic bag with a plastic jar and plastic packages and 2) a heat-sealed plastic bag containing a plastic vial; all containing 110.72 grams of methamphetamine

11        One United States Express Mail address label addressed to Thomas Sablan, 472 Rte 8, Suite 1B, Maite Guam

Affidavit

In the Matter of

Affidavit of Thomas Sablan

Vaatausili Mark Alaimalo

1. I depose and state all the following all true under penalty of perjury.

2. I am over the age of 18 years old.

3. Police on Oct 6, 1995, came to the door of Alaimalo's residence not my residence, screen door and yelled with guns pointing through the screen door, "EVERYBODY DOWN" PUT YOUR HEAD UP" TR pg 698 ln 2, as my wife testified. She remembers the police yelling "PUT YOUR HANDS UP," TR 699, LN 11.

4. They told us to get down on the floor as my wife testified.

5. They handcuffed us, put our hands behind our backs.

6. After almost 5 minutes they escorted us out the door. Then they took the hand cuffs off.

7. I did NOT EXIT the house when they appeared and "DID NOT OPEN THE DOOR TO EXIT AS THEY SAID." We were handcuff on the floor and after

almost 5 minutes taken out the residence. I cannot OPEN THE DOOR when I am

handcuffed. They came in to handcuff us, so I could not have exited the house as

the police said, that is not true.

### Certification

I certify that all the above is all true under penalty of perjury, Dated

June 27 2003

Thank you

Thomas Sablan

2

On February 7, 1984, a warrant of arrest was issued by the Juvenile Court, County of Los Angeles, California, when the defendant failed to appear.

On October 28, 1986, the Court dismissed the case as the minor had become an adult and had an adult matter pending.

## Criminal Convictions

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed | Guideline Points |
|---|---|---|---|---|
| 38. | 09/13/86 (age 19) | Poss. of Controlled Substance; L.A. Superior Ct. #A034746 | 05/12/89/ 3 yrs. state prison | 4A1.1(a) 3 |

The defendant was represented by counsel. On September 13, 1986, the defendant was standing at 17th street in the city of Long Beach, California, and called out to a police officer who was driving by. The police officer observed defendant's right hand to have a plastic wrapper. The officer approached the defendant and saw a cigarette package with a rock of cocaine inside. The officer identified himself as a police officer and the defendant attempted to run, but was apprehended. The package which the defendant had dropped contained .38 grams of cocaine.

Initially, on February 18, 1987, probation was granted for a period of three years with a 179 day jail condition. On May 12, 1989, after the defendant was found to be in violation of probation, the term of probation was revoked and the above-mentioned sentence was imposed.

The defendant was admitted to the California Department of Corrections (CDC) on May 23, 1989; paroled September 11, 1990 and discharged October 11, 1991.

PERSONAL USE
POSSESSION

| | Date of Arrest | Conviction/ Court | Date Sentence Imposed | Guideline Points |
|---|---|---|---|---|
| 39. | 10/04/86 (age 19) | Possn. of Controlled Substance; Felony Committed while on bail L.A. Superior Crt. #A034969 | 05/12/89 3 yrs. state prison | 4A1.2(a)(2) 0 |

8

The defendant was represented by counsel. On October 4, 1986, while the defendant was under bail or his own recognizance for his previous charge, he was observed by police officers on 17th Street and Lewin, Long Beach, California, riding a bicycle on the sidewalk and nearly hitting two pedestrians. The defendant stopped, and as the officers got closer, they saw the defendant holding a pipe. The officers identified themselves and the defendant threw the pipe and a baggie containing three rocks of cocaine weighing 1.23 grams. The officers recovered the property and placed the defendant under arrest.

On February 18, 1987, probation was granted for a period of three years with a 207 day jail condition. On May 12, 1989, the defendant was found to be in violation of probation, probation was revoked and the above sentence was imposed. This sentence was ordered to run concurrently with the sentence imposed in Case No. A034746.

| 40. | 04/23/89 (age 21) | Assault Long Beach Municipal Crt. #89M03139 | 05/03/89 20 days jail 24 mons. prob. | 4A1.1(c) 1 |
|---|---|---|---|---|

The defendant was represented by counsel. On April 22, 1989, Long Beach Police officers were responding to a call in the area of 4th and Golden. As they were passing the front of 345 Daisy, they observed the defendant in a heated argument with his wife, Leuta Alaimalo. As officers passed, they observed the defendant step forward and swing his right hand at the victim, who was holding a small child approximately two years old. Officer Jackman thought he observed the defendant strike the victim and thought he heard the sound of a slap. Officers immediately detained the defendant. The victim was interviewed and she stated that her husband attempted to strike her as she was leaving the apartment complex, but had missed when he swung. No bruises or redness were noted on the victim's face or arms. The defendant was subsequently arrested for assault on a person.

On May 3, 1989, the defendant appeared with counsel before Judge Hahn, Long Beach Municipal Court, and was sentenced to 20 days in jail and placed on probation for 24 months.

| 41. | 05/05/96 (age 28) |  Westminster Municipal Crt. #WE96WM05340 | 07/10/96 24 mons. probation; $710 fine | 4A1.1(c) 1 4A1.1(d) 2 |
|---|---|---|---|---|

9

LAI, App 18

..................
................
P. O. BOX 5000
OAKDALE, LA 71463

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
                    Plaintiff

vs

DENNIS KHAN LAI
                    Defendant

NO. 92-10732
DKT. DO. CR-87-359-SC

AFFIDAVIT FOR CO-DEFENDANT
CLIFFORD TOM.

PRO-SE.

## AFFIDAVIT

1) I depose and state that I CLIFFORD TOM known in the instant case as "FOOK" declare all the following all true and correct.

2) I am over the age of 18 years old;

3) No one has coerced me to make any false statements. I have no gain in not telling the truth.

4) I and the cab driver Mr. John Gschwendtner went on a drive, after leaving my friends home along 19th Avenue, near 17 or 18th and Geary St. I and John, the

17/

... the persons ..., he realized two were dressed in plain clothes ...

6) They told me and John to exit the cab.

7) The men searched John Gschwendtner without asking for consent to search;
I was sitting in the passenger side.

8) I had my two hands on the dash board and did not move until the officer
told me to exit the cab.

9) I had my hands on top of the cab while the plain clothes police were
searching me, they did not ask me nor John for consent to search, nor to sign
any consent forms to search;

10) They did not ask me nor John for driver license nor registration a normal
procedure for a traffic violation stop, hence they specifically stopped us to search
for drugs.

11) The police then dug into my pockets and found two bindless of cocaine

12) I never told them I received them from Lai's house, all I said was "You
do what you gotta do"

13) I was taken to the corner of 19th and Fulton, the police command post where
they were waiting to bust Denni's Lai's residence.

14) After the bust, I was taken to the Richmond police station, then to the
Hall of Justice;

15) The police deliberatelly pulled me and cab driver John Gschwendtner over
to look for drugs;

16) No request for driver's license or vehicle registration as required for a
traffic violation;

17) The police never ask John nor I for permission to search us both nor per-
mission to search the cab;

18) I was told to exit the cab then in FULL POSITION hands placed on the

of the gas. I was captured without my consent and without a signed consent ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...

I declare under penalty of perjury that all the above are all true and correct under penalty of law.

Dated : 1-19-1996

Respectfully Submitted,

CLIFFORD TOM

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

STATE OF CALIFORNIA )
COUNTY OF SAN FRANCISCO )

On 01/19/96 before me, CHARLES J ZHANG , NOTARY PUBLIC
DATE                                                    NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared, CLIFFORD TOM
personally known to me or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

NOTARY PUBLIC SIGNATURE                    (SEAL)

Charles J. Zhang
Comm. #1023515
NOTARY PUBLIC - CALIFORNIA
City & County of San Francisco
My Comm. Expires May 5, 1998

## OPTIONAL INFORMATION

TITLE OR TYPE OF DOCUMENT _____
DATE OF DOCUMENT _____
SIGNER(S) OTHER THAN NAMED ABOVE _____    NUMBER OF PAGES _____

[illegible faded lines at top]

... SAN FRANCISCO CA ON AUGUST 6 1985

WAS A CAB FOR FLY CAB IN SAN FRANCISCO CA

5    PICKED UP A PASSENGER NEAR BUSH & DIVISADERO OR
AVSH & BAKER (I'M NOT SURE OF THE EXACT LOCATION) I
TOOK THE PASSENGER TO BALBOA & 18TH AVENUE. THE
PASSENGER ASKED ME TO WAIT. HE WASN'T CARRYING
ANYTHING. HE WAS A CHINESE MALE. I KNOW NOW FROM
10   THAT HE IS CALLED "ZACK". HE LEFT, WALKING DOWN
BALBOA. I DIDN'T PAY ANY ATTENTION TO WHATEVER HE WAS
DOING. APPROXIMATELY 5 MINUTES LATER, HE CAME BACK
AND GOT INTO THE CAB. HE WAS NOT CARRYING ANYTHING
HE ENTERED ON THE PASSENGER SIDE OF THE CAB
15   AND TOLD ME TO TAKE HIM BACK TO BUSH &
TURN ON 19TH AVENUE. I APPROXIMATELY 19TH AVE
AND STOPPED AT THE TRAFFIC LIGHT AT GEARY &
19TH. I TURNED RIGHT ON GEARY AND PROCEEDED EAST
ON GEARY. NEAR THE CORNER OF 17TH OR 18TH & GEARY,
20   I STOPPED FOR A TRAFFIC CONTROL. I STARTED
ACROSS THE INTERSECTION WHEN I HEARD A CAR HORN. I
LOOKED IN THE REAR VIEW MIRROR & SAW A RED LIGHT
ON THE DASHBOARD OF A LIGHT BLUE CAR. I WENT
FOR APPROXIMATELY 1/2 BLOCK BEFORE I DID [illegible]
THE SIGNAL WAS FOR ME. I SAW THE OCCUPANTS [illegible]
[illegible]

... FIR CAR on THE PASSENGER SIDE AND _ ONE OF
... ME MEN CAME UP ON MY SIDE OF THE CAR WH...
THE OTHER MAN CAME UP ON THE PASSENGER SIDE.
MEN TOLD ME TO STOP THE ENGINE AND GET OUT
OF THE CAR. I ASKED "WHAT'S GOING ON" & HE TO...
ME THAT I WAS BEING TEMPORARILY DETAINED. I
WAS WEARING A PLAIN WHITE SHIRT & BLUE JEANS. I...
GOT OUT OF THE CAR AND THE MAN TOLD ME TO PUT MY
HANDS ON THE TOP OF THE CAR. I WAS THEN SEARCHED
BY THIS OFFICER. HE looked INSIDE MY ASPIRIN BOTTLE,
& CHECKED MY MONEY THAT I HAD FOR CAB FARES. MR.
FOOK WAS SEATED IN THE FRONT PASSENGER SIDE OF
THE CAR. HIS WINDOW WAS CLOSED. THE OFFICER
TO COME UP ON THE PASSENGER SIDE OF THE CAR
OPENED THE DOOR, AND ASKED MR FOOK TO GET OUT. AT
THAT MOMENT, I TURNED TO TALK TO THE OTHER
OFFICER. WHEN I FIRST SAW THE POLICE LIGHT I
COMMENTED TO MR FOOK THAT WE WERE BEING STOPPED.
I OBSERVED BOTH OF MR FOOKS HANDS. I believe that HE
PUT BOTH HANDS ON THE DASH. MR. FOOK DID NOT MOVE
UNTIL HE WAS TOLD TO GET OUT BY THIS OFFICER. I
WATCHED MR FOOK BEGIN TO EXIT THE CAR. HE DID
NOT GO INTO HIS POCKETS. I DID NOT SEE FOOK THROW
ANYTHING DOWN. AFTER I GOT OUT OF THE C...
I WATCHED MR FOOK WITH HIS HANDS ON TOP OF TH...
... WERE SEARCHING HIM ...
... AND HIS HANDS ...

18

...EY TOOK ME BACK BACK TO THEIR CAR. AFTER
THAT, THEY TOLD ME THAT THE INCIDENT INVOLVED
"DRUGS". THEY SAID "HE'S IN TROUBLE, YOU ARE NOT." A
THEN SEARCHED MY CAR. THEY CHECKED THE GLOVE BOX
UNDER THE SEAT AND THE INTERIOR OF THE CAR. THEY
DID NOT ASK PERMISSION TO SEARCH. THEY JUST DID
I WAS NEVER SHOWN A BADGE BY ANY OF THESE
PEOPLE. I WAS THERE FOR APPROXIMATELY 7 MINUTES
AND THE OFFICER CAME UP AND SAID " YOU CAN GO NOW,
HOW MUCH IS THE FARE". THE OFFICER PAID THE FARE.
HE GAVE ME A $10.00 BILL. I LEFT AFTER THAT.
I HAVE READ THIS STATEMENT CONSISTING OF TWO PAGES AND
12 LINES AND IT IS TRUE & CORRECT TO THE BEST OF MY
KNOWLEDGE 11/3/96

X _____

My name is Lisa Chung (Jennie) and I (something)
1985 before British Francisco, California.
I was employed by Dennis Lee as a baby sitter.
I was present when the police came and
searched the house at 584 19th Avenue in
San Francisco Calif on TV in August of 1985. At
around 6:30 or shortly after that (there's company
was on T.V.) someone rang the door bell. I
was in the living room at the time. I got
up to answer the door. I looked out the
window next to the door and saw three (maybe)
men and a woman. They were wearing normal
clothing (jeans, t-shirts, sneakers — the girl
was wearing cowboy boots) and I didn't see anything
unusual or different about their appearance
I did not know who they were. I had never
seen them before. I yelled up the stairs to
(someone) Brannan that there were people here
that I didn't know. I was waiting for
(them) to get down. and th the people outside
began to shake the door handle and tried
to open the door. They tried very hard to
(get) the door open, and I thought they were
going to break the door down. I opened it
(to find out who they) were. perhaps they

LAI AM '22

I met this man over which had left. He then
showed Silas some type of identification and
said "Police Officer". I stepped back and
the men continued into the house, opening
his door as he entered. Silas said "What
are you doing here" The people told
Silas that they were here to search the
house. I don't remember exactly what said
what at that point in time. I was
told to go into the living room and sit
down, which I did. Silas asked these
people if they had a search warrant. One
of the men went upstairs. One of these
people who had identified themselves as
police officers said that they
would bring a search warrant to someone
downstairs when they said that
_____ search warrant would bring a search warrant
_____ & Dennis Lai's daughter were
_____ down in the living room
_____ after these people entered the
_____ approximately 2-3 minutes after in-
_____ with Dennis Lai. _____
_____ told to sit in the living

21

...ALL AROUND THE HOUSE. I COULD HEAR
...E DRAWERS IN THE KITCHEN OPENING &
CABINETS IN THE KITCHEN BEING OPENED. WE SAT
IN THE LIVING ROOM UNTIL VERY LATE. IT WAS
AROUND MIDNIGHT WHEN THEY FINALLY LET ME
& DENISE'S DAUGHTER GO. HER NAME IS DENISE...
BENTLEY NOTER. WE WERE TOLD TO SIT IN THE
LIVING ROOM (APPROXIMATELY ½ HOUR). C.C., DENNIS'S
EX-WIFE CAME OVER AND PICKED UP THIS
CHILDREN. THEY LET C.C. JUST INSIDE THE
DOOR, BUT THEY WOULDN'T LET HER IN
ANY FURTHER. I don't KNOW ANYTHING ABOUT
ANY DRUGS IN THE HOUSE.

...HAVE READ THIS STATEMENT CONSISTING OF TWO
PAGES AND 13 LINES AND IT IS TRUE AND
CORRECT TO THE BEST OF MY KNOWLEDGE.
...9/4/95

                    X Mary C. Tom

THIS STATEMENT IS CONFIDENTIAL TO BE USED
BY ATTORNEYS FOR THE DEFENSE

UZI LONG BARREL ON TABLE

APPENDIX 125

LEGAL GUN

Pg 10f 3