

**FILED**
DISTRICT COURT OF GUAM
OCT 17 2005
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

VAATAUSILI MARK ALAIMALO,

Defendant-Petitioner,

vs.

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

Criminal Case No. 96-00039

Civil Case No. 03-00044

**ORDER**

This matter comes before the Court with respect to Petitioner Vaatausili Mark Alaimalo's ("Alaimalo") pleading requesting four potential forms of relief: 1) Reconsideration of the Court's DISMISSAL of his motion to correct sentence pursuant to 28 U.S.C. § 2255 [1]; 2) Relief from this Court's recent order dismissing his 28 U.S.C. § 2255 petition pursuant to FED. R. CIV. P. 60(b)(3); 3) Consideration of his filing as a habeas petition pursuant to 28 U.S.C. § 2241; and 4) that his pleading serve as a notice of appeal from this Court's June 13, 2005 order.[2]

*Motion to Reconsider.* A Motion for Reconsideration should be denied unless it raises new factual or legal arguments. *See, Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). In his motion for reconsideration, defendant essentially reasserts the arguments raised in his initial motions. The Court finds no new legal or factual basis upon which to grant relief. Moreover, even if Alaimalo did make such assertions he would still be required to seek permission from the Ninth Circuit to file

---

[1] On June 13, 2005 the Court issued an order dismissing Alaimalo's § 2255 petition for lack of jurisdiction because the Ninth Circuit denied the petitioner's request for authorization to file a second petition for relief.

[2] Alaimalo also filed a "Motion for Enlargement of 10 or more pages". See Docket No. 117. As the Court has decided the underlying motion on the merits, Alaimalo's motion for enlargement is moot and will not be further considered.

a successive petition pursuant to 28 U.S.C. §§ 2244(b) and 2255. Therefore, the Motion for Reconsideration is DENIED.

*Motion pursuant to FED. R. CIV. P. 60(b)(3).* Alaimalo has already filed one habeas petition and it was denied. Accordingly, the Court considers the defendant's Rule 60(b) Motion a second habeas petition governed by the restrictions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. §§ 2244 and 2255. Sections 2244 and 2255 prohibit the filing of successive habeas petitions absent certification by a panel of the appropriate court of appeals. AEDPA on its face restricts only successive habeas petitions. The Ninth Circuit, however, has recognized that "[i]n most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), . . . the Rule 60(b) motion should be treated as a successive habeas petition." *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. ), *cert. denied*, 524 U.S. 965, 119 S. Ct. 3 (1998).

Here, Alaimalo has alleged essentially the same facts ("fraud") and arguments as he raised in his § 2255 petition that was dismissed by this Court's June 13, 2005 order. However, Alaimalo did not obtain authorization from the Ninth Circuit prior to filing the second § 2255 petition. Likewise, Alaimalo has not complied with the requirement under 28 U.S.C. § 2244(b)(3). Accordingly, Alaimalo's motion pursuant to *FED. R. CIV. P. 60(b)(3)* is DENIED.

*Petition for Relief pursuant to 28 U.S.C. § 2241.* Alaimalo requests that in the alternative to the above remedies the Court should construe his request as a habeas petition pursuant to 28 U.S.C. § 2241. Alaimalo seeks habeas relief under § 2241, proffering essentially identical facts and legal arguments to those raised in his § 2255 petition that was previously dismissed.

A federal habeas prisoner authorized to seek relief under 28 U.S.C. § 2255 may not petition for relief under 28 U.S.C. § 2241 unless it appears that the section 2255 motion is inadequate or ineffective to test the legality of the prisoner's detention. *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)(per curiam) (rejecting contention that § 2255 is inadequate or ineffective merely because the prisoner's 2255 motion might be second or successive). Alaimalo has failed to make such a contention with respect to the adequacy of § 2255. The Court finds that despite the denial of Alaimalo's previous petition, § 2255 still remains an adequate and effective remedy to test the

legality of Alaimalo's detention. Accordingly, the instant matter constitutes Alaimalo's third petition for habeas relief. Alaimalo has yet to receive certification from the Ninth Circuit to file a successive motion pursuant to 28 U.S.C. §§ 2244(b)(2) and 2255. Accordingly, this Court lacks jurisdiction to consider the present petition.

*Notice of Appeal.* A Notice of Appeal shall be construed as an Application for a Certificate of Appealability. *See,* FED. R. APP. P. 22(b). A certificate of appealability may be issued from a final order in a proceeding under § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) . Alaimalo has not substantially demonstrated the denial of his constitutional rights, pursuant to 28 U.S.C. § 2253(c)(2). Nor has he demonstrated that the issues surrounding this Court's dismissal of Alaimalo's § 2255 petition are "debatable among jurists of reason." *See, Jennings v. Woodford,* 290 F.3d 1006, 1010 (9th Cir. 2002). Accordingly, Alaimalo's motion for a certificate of appealability is DENIED.

## CONCLUSION

Based on the aforementioned reasons all requests for relief raised by Alaimalo are hereby DENIED.

**SO ORDERED** this 13th day of October, 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE