Nov 4, 2005         District Court of Guam
                       Territory of Guam

Vaatausili Mark Alaimalo

Defendant-Petitioner

vs                              Cr no 96-00039

United States of America        Civil no 03-00044

Plaintiff-Respondent

_____/

    1. Courts Denial of Reconsideration Motion CONFLICTS WITH Ninth Circuit law, Rule 60(b)(3), CONFLICTS WITH LEADING CIRCUIT LAW, Congress law, thus, Second Reconsideration,

    2. Motion for Information regards to Defendant's Filed 18 USC 3582, YOUR order did not rule on 3582 issue, Pro-se

Discussion

    Defendant received the Courts order Oct 17, 2005, RECEIVED BY PRISON MAIL OCTOBER 26, 2005. Defendant responds with second reconsideration because the Courts decision CONFLICTS with Ninth Circuit law, and LEADING PRECEDENT Circuit law, Defendant MUST FILE TO PRESERVE ISSUE FOR APPEAL, on F.R.CV.P rule 60(b)(3) FRAUD does not conflict with Antiterrorism Act AEDPA 1996.

    Ninth Circuit "REHEARING" En Banc law

  COOPER V WOODFORD 358 F 3D 1117 (9th cir 2004), A judge of this court called for En Banc hearing from three judge panel order. A majority of judges voted in favor of En Banc review of Kevin Cooper's application to file second or successive petition for writ of habeas corpus. AEDPA statute

"DOES NOT ALLOW" rehearing for denial of authorization for second application. But we have "SUA SPONTE" power to REHEAR such denial En Banc,

    Thompson Exception

THOMPSON V CALDERON 151 F 3D 918, 922 (9th cir 1998). Cooper filed second successive application on claim of actualy innocence accompanied by claim State violated BRADY V MARYLAND 10 L ED 2D 215 (1963). A GATEWAY CLAIM of innocence under SCHLUP V DELO 130 L ED 2D 808 (1995), PRISONER must show, it is likely "NO REASONABLE JUROR WOULD HAVE FOUND PETITIONER GUILTY BEYOND A REASONABLE DOUBT." CARRIGER V STEWART 132 F 3D 463 478 (9th cir 1997) En Banc quoting SCHLUP, Supreme court emphaszied in considering all avaiable evidence must consider all evidence including alleged to have BEEN ILLEGALLY ADMITTED with due regard to any UNRELIABILITY of it, and tenably claimed to have been wrongly excluded or become avaiable only after trial.

  Petitioner need only show, "MORE LIKELY THAN NOT" that no reasonable fact finder would have found him guilty.

  We should grant authorization to COOPER to file second application he has made prima facie case of success on merits.

    ANALOGOUS TO ALAIMALO He WILL be successful on his merits for EXCLUDING THE IMPORATIONS COUNTS, REMANING COUNTS MUST BE RESENTENCE FROM LIFE TO 5 TO 14 YEARS.

  Cooper was convicted upon government statement that the "PRO-KED DUDE SHOE" was prison issued shoe, which shoe print was with blood on the bed sheet, THIS shoe print KEY which convicted Cooper. After trial the Warden makes prima facie

case a BRADY VIOLATION that the Pro-Ked Dude shoe was not only prison sold shoe but that Sears Roebuck and other retail stores sold the shoe. Detectives had this information from the Warden and thus meets the BRADY violation it was suppressed.

In Alaimalo, FACTS ANALOGOUS TO ABOVE;

INTEGRITY of the court and 1. JURISDICTIONAL DEFECT THAT POLICE FRAUD DOG sniff, CANNOT DETECT COFFEE GRINDS, Most dogs are only qualified for Cocaine and Marijuana not METHAMPHETAMINE, 2. BROKEN TRAIL NO PROBABLE CAUSE TO HOUSE, 3. OFFICER PALACIO'S FRAUD THAT THOMAS SABLAN appeared at the screen door and exited giving police entry into the residence when actually Both Sablans hit the floor with guns pointed handcuff for 5 minutes then taken out of house. Police FRAUD "NEWLY DISCOVERED" NINTH CIRCUIT LAW GRIFFIN V JOHNSON 350 F 3D 956 (9th cir 2003), "NEWNLY PRESENTED" affidavit App 103 was acquired after trial when Thomas was later found and wanted to uncover the TRUTH, NOT FRUAD.

Conclusion to Cooper

No reasonable jury would have convicted Alaimalo from Governments "IMPEDIMENT FRAUD" government misconduct newly discovered AND NEWLY PRESENTED evidence, CAUSE SUBSTANTIAL EFFECT TO THE JURY, BRECHT V ABRAHAMSON 123 L ED 2D 353 (1993),

F.R.CV.P rule 60(b)(3) FRAUD.

Controlling circuit law Rule 60(b)(3) FRAUD

The Sixth circuit explains the U.S.A'S Circuits landscaping to rule 60(b)(3) FRAUD. IN RE ABDUR'RAHMAN 392 F

3D 174 (6th cir 2004), Petitioner filed writ of habeas corpus Sixth circuit denied Gateway for second successive habeas corpus petition. Sixth circuit GRANTED Petitioner's request for "REHEARING EN BANC."

"IT is only when petitioner presents direct challenge to constitutionality of underlying conviction that petition should be treated as second or successive habeas petition, and if there is no such direct challenge but instead challenges the;

"INTEGRITY OF the District Courts opionion for one of the reasons provided in rule governing motions for relief from judgment or order, then the court must treat the motion as one pursuant to rule governing motions for relief from judgment or order. Ruling overruling McQUEEN V SCROGGY 99 F 3D 1302 and now is precedent 6th circuit rule.

Prosecutor's misconduct was grounds justifying relief from judgment not as second or successive habeas petition, Case reversed. ABDUR'RAHMAN Met the rule 60(b) "Extraordinary circumstance" for 60(b)(6) Any reasons justifying relief.

Some courts have held motion rule 60(b) remains "UNAFFECTED" by strictures of AEDPA. SIXTH circuit explains the Rule 60(b) cannot be barred altogether.

Rule 60(b) is second or successive only if factual predicate motion constitutes direct challenge to constitutionality of underlying conviction.

In cases as this one is attacking the MANNER in which earlier habeas judgment was procured based on one or more of the grounds enumerated in rule 60(b), motion should be

adjudicated pursuant to rule 60(b), See RODWELL V PEPE 324 F 3D 66, 67 (1st cir 2003). ABDUR'RAHMAN, challenges the,

"PROCEDURAL BASIS" which judgment deying his habeas petition rested therefore should be adjudicated pursuant to rule 60(b), Sixth circuit remanded for District court to consider his rule 60(b).

History of ABDUR'RAHMAN, file habeas motion on two grounds, 1. ineffective counsel and 2. Prosecutorial misconduct.

392 F 3d at 179, Second circuit grappled and this is the

"ONLY CIRCUIT" court ruled categorically that rule 60(b) brought after district court's ruling IS NOT SECOND OR SUCCESSIVE HABEAS PETITION, AND should be treated at motion rule 60(b). RODRIQUEZ V MITCHELL 252 F 3D 191, 198 (2nd cir 2001).

See GONZALES V SEC'Y FOR DEPT OF CORRS 366 F 3D 1253 (11th cir 2004), Rule 60(b) always treated as Successive "EXCEPT" where there was "FRAUD" upon the court led to denial.

Eleventh circuit is the LEADING proponent of this view yet, Defendant here raised,

Yet, 11th circuit "GRANTED" REGINALD McCOY 11th cir No 04-12497-H, Sept 20, 2004, 11th circuit," "GRANTED" McCoy's rule 60(b) on "FRAUD," For prosecutor and court used two illegal priors enhancement for life sentence, remanded to district court for FRAUD.

RULE 60(b) allow district court to reconsider judgment when it REST ON "DEFECTIVE FOUNDATION." REGINALD filed 20 to 40 motions in 10 years and this FRAUD 60(b) was granted to proceed pass AEDPA LAW to prevent a miscarriage of justice.

Rule 60(b) deals with some
"IRREGULARITY or PROCEDURAL" defect in procurement of judgment deying relief, RODWELL 324 F 3D at 70.

Second or Successive motion is different species, GONZALES 366 F 3D AT 1292, SUCCESSIVE application seeks to invalidate state judgment based on Constitutional error. Second Successive petitions are based entirely on violations of Federal rights during trial. Where rule 60(b) designed to cure procedural violations in earlier proceedings "INTEGRITY."

WITH the "EXCEPTION" of "FRAUD" rule 60(b)(3), the REMAINING GROUNDS AEDPA precludes courts from entertaining rule 60(b) motions 60(b)(1)(2)(4)(5) and (6) fashion as second or successive habeas corpus claim pursuant to §2244(b)(2). ABDUR'RAHMAN, ID., 180,

"FRAUD" is the only reason to doubt the integrity of habeas judgment, of FRAUD a valid basis such as "UNFAIR SURPISE," rule 60(b)(3).

Successive application if granted invalidates prisoners conviction or sentence. Not rule 60(b) motion, 60(b) only reinstates previously dismissed habeas petition opening the way for further proceedings.

Second circuit logically pointed out rule 60(b) compel discovery demands, for extension time to answer adversary's motion and summary rejection of respondent's contentions and

"Even motions for relief from judgment grounded in "FRAUD," RODRIQUEZ 252 F 3D at 198-99. This has nothing to do with coverting motion into second or successive petition.

First circuit approach, analogous to above, second successive deals with constitutionality of underlying conviction or sentence, and rule 60(b) deal with some;

"IRREGULARITY or PROCEDURAL DEFECT" in procurement of THE JUDGMENT THAT DENYED RELIEF. THIS is basic function of 60(b), RODWELL 324 F 3D at 70. Rule 60(b) will be depending not on label affixed but on its substance, id., at 71.

HAMILTON V NEWLAND 374 F 3D 822, 824 (9th cir 2004), Holding petitioner's habeas motion for reconsideration of denial of habeas relief must be treated as motion pursuant rule 60(b) where petitioner sought the court reconsider its prior ruling that his habeas claims were barred by 1 year limitations under AEDPA, "COMPARE" WITH, RODWELL 324 F 3D AT 71-72, THAT petitioner asked the court rule 60(b) was successive because it asked his murder conviction was constitutionally infirm. THOMPSON.....TO 182.

THOMPSON V CLADERON 151 F 3D 918, at note 3,

I repeat, "If State's MISCONDUCT PREVENTED DEFENDANT FROM TESTING POTENTIALLY EXCULPATORY EVIDENCE WHICH MIGHT PROVIDE NECESSARY infor to assert factual predicate of successive motion, an "INDEPENDANT RULE 60(b)(3) FRAUD motion MIGHT BE APPROPRIATE."

THE NINTH CIRCUIT is OPEN IF ANY ONE CAN MEET THE "FRAUD EXTRAORDINARY CIRCUMSTANCES" WHICH IS MET BY ALAIMALO.

FACTS IN ALAIMALO MEETS THE EXTRAORDINARY CIRCUMSTANCES by GOVERNMENT FRAUD

1. Fraud dog sniff cannot sniff COFFEE GRINDS, Nor was the dog qualified for Methamphetamine,

2. Fraud, BROKEN TRIAL NO PROBABLE CAUSE to Alaimalo's residence,

3. "DOUBLE FRAUD" USING U.S V LAI 944F 2d 1434 (9th cir 1992), for FRAUD mild exigency to enter Alaimalo's residence,

4. Fraud looked into WRONG TRUCK AND SEIZED THE WRONG TRUCK parked outside inbetween both houses,

5. Using FRAUD Officer Palacio's lie, Thomas appeared to door and exited for FRAUD illegal search,

6. Coerced Consent to search,

7. Fraud WRONG STATUTE, indictment, grand jury, closing, jury instructions, and at sentencing, Prosecutor constructive amendment to indictment corrected the drug quantities should be 841(b)(1)(C) FRAUD 841(b)(1)(A). Count 4 is 2 grams, count 5 Prosecutor corrected 50 grams but forensic reports shows 31 Grams, a JURISDICTIONAL DEFECT, "EXCLUDING THE IMPORTED DRUGS WHICH IS "ALL THE DRUGS," AT WORST ONLY DRUGS LEFT IS COUNT 4, 2 GRAMS, AND COUNT 5, 31 GRAMS,= 33 GRAMS IS ALL THAT IS LEFT.

8. MISDEMEANOR PRIORS "PERSONAL USE" ANALOGOUS TO REGINALD McCOY, FRAUD RULE 60(b), Use of Illegal priors, TO LIFE SENTENCE,

9. TRIPLE EX POST FACTO VIOLATIONS,

"WRONG STATUE USED" and changing state priors personal use violates EX POST FACTO, "FRAUD" 3RD WRONG DRUGS AMOUNTS AND WRONG EX POST FACTO STATUTE.

ALL Violations meets the rule 60(b) "INTEGRITY PROCEDURAL" of the COURT TOO MANY VIOLATIONS OF FRAUD, MEETS THE "EXTRAORDINARY CIRCUMSTANCES," RULE 60(b)(3) Fraud and

60(b)(6) Extraordinary circumstances analogous to ABDUR'RAHMAN, Alaimalo should be heard.

10. Alaimalo's "REMAINING COUNTS" COUNT 4, WAS 64 GRAMS EXCLUDING IMPORTATED DRUGS EQUALS 2 GRAMS,

COUNT 5, PROSECUTOR constructive amendment at sentencing, was 207 grams he said actually was 50 grams. Yet Forensic report shows at 15% equals 31 grams.

Count 6, Excluding imported drugs catch all total drugs 1018 grams. Exclude imported drugs, leaves count 4, 2 grams and count 5, 31 grams for "LEFT TOTAL OF ONLY 33 GRAMS.

ALAIMALO MEETS THE "EXTRAORDINARY CIRCUMSTANCES, MEETS "FRAUD", AND MEETS "ANY REASON JUSTIFYING RELIEF, RULE 60(b)(6) Catch all rule.

JONES V AERO/CHEM CORP 921 F 2D 875 (9th cir 1990), Opposing party failure to produce relevant documents "MISCONDUCT" WHETHER "FRAUD" is met, required "REMAND" whether FRAUD CAUSE UNFAIR HEARING.

At (1) Issue FRAUD MISCONDUCT was heard by Appeals court even though was not RAISED FIRST ON OPENING BRIEF.

2. ALSO WHAT is the decision on my filed 18 USC 3582 RETRACTIVE AMENDMENTS?

Conclusion

For all the reasons above the Courts decision CONFLICTS with U.S.A's circuit law as REGINALD conflicted with 11th CIRCUIT law that rule 60(b) is SUCCESSIVE but EXTRAORDINARY CIRCUMSTANCES SUCH AS "FRAUD" as all above circuits defined, FRAUD can be heard just plain reading of rule 60(b) FRAUD to be heard. Alaimalo had TOO MANY "FRAUD" violations meets the

criteria for FRAUD EXTRAORDINARY CIRCUMSTANCES and should be heard.

DE SARACHO V CUSTOM 205 F 3D 874 (9th cir 2000), at 880, rule 60(b)(3) if aimed at judgments which were "UNFAIRLY OBTAINED, WHICH ARE "FACTUALLY INCORRECT." COURTS SHOULD REVERSED ONLY UPON A CLEAR SHOWING OF ABUSE OF DISCRETION, IN RE M/V PEACOCK 809 F 2D AT 1404, (9th cir 1987). "FRAUDULENTLY OBTAINED FROM OPPOSING PARTY, SEE 11 CHARLES ALAN WRIGHT & ARTHUR R MILLER Civil §2860, at 188 (1973).

Courts may set aside judgment from FRAUD, See generally 7 J. More & J, Lucas, Moore's Fed Practice §60.33 (2d ed 1978).

Public Welfare demands agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and FRAUD, 882 F 2D at 424.

Alaimalo should be heard on "FRAUD" and for resentencing, meets the constitutional violations that FRAUD OPENS THE DOOR FOR LATER CONSTITUTIONAL RESENTENCING.

2. what is the Status of my 18 USC 3582?

Thank You

*Vaatausili Mark Alaimalo*

Vaatausili Mark Alaimalo Pro-se

Certification

I certify that all the above is all true and correct under penalty of perjury, Dated Nov 4 2005, Notary, 28 USC 1746, In lieu of Notary, HOUSTON V LACK 101 L ED 2D 245 (1988), Filed to prison mail box, and True copy mailed to; Assistant U.S Attorney

Ms Karon V. Johnson Esq

Suite 500, Sirena Plaza

108 Hermaan Cortes Ave

Hagatna, Guam 96910

Thank You

*Vaatausili Mark Alaimalo*

Vaatausili Mark Alaimalo   Pro-se

11-4-05