Nov 30, 2005

District Court of Guam

Territory of Guam

Vaatausili Mark Alaimalo

Defendant-Petitioner

vs                         Cr-no 96-00039

United States of America     Cv no 03-00044

Plaintiff-Respondent

_____/

**FILED**
DISTRICT COURT OF GUAM
DEC -7 2005
MARY L.M. MORAN
CLERK OF COURT

1. Rule 7(a) Expansion of Record Facts that meet "Extraordinary Circumstances" Pro-se

Discussion

Alaimalo submits "CRITICAL" evidence that meets the "EXTRAORDINARY CIRCUMSTANCES" F.R.CV.P RULE 60(b)(3) "FRAUD" of the Prosecution illegal enhancement should be heard.

Appendix 18, copies of California Penal Code §1210 Personal Use, §11350 Possession of drugs maximum sentence 1 Year a misdemeanor, §12022.1 Aggregated second conviction to Max 2 more years, §1170.1, total enhancement cannot max more than first provision. §654 Double jeopardy is Primary and secondary are over maximum first provision, or "DOUBLE COUNTED." HERE ALAIMALO BOTH DOUBLE JEOPARDY AND WAS DOUBLE COUNTED by FRAUD two PRIORS.

Alaimalo file for State records that L.A. SUPERIOR court responded "NO RECORDS WERE AVAILABLE or destroyed. BECAUSE App 105 Federal presentence report "HAD ERRONEOUS INFORMATION says, Priors were at

" L.A.Superior court."

Years later, Alaimalo later filed to Municipal court Long Beach and App 14 Priors complaint was sent to Alaimalo;

Newly discovered old records, Federal presentence report was MISLEADING SAYING L.A SUPERIOR COURT. REASON FOR THE L.A SUPERIOR COURT NEVER ANSWERED HIS PRIOR MOTION ATTACKING SENTENCE.

NOW REFILED TO MUNICIPAL COURT PROPER COURT FOR CASE RECORDS and Jurisdictional defective indictment wrong charges CAN BE RAISED AT ANY TIME. ALAIMALO was charged to §11350 Possession of drugs MAXIMUM SENTENCE NOT OVER 1 YEAR A MISDEMEANOR when INEFFECTIVE COUNSEL FAILED TO OBJECT SHOULD BE CHARGED TO "PERSONAL USE" §1210. NEWLY DISCOVERED EVIDENCE SHOW, ¶38 primary offense charged Cal penal code §11350 should have been charged to §1210 PERSONAL USE, BOTH MISDEMEANORS. INEFFECTIVE COUNSEL FAILURE TO RAISE relevant law meets 1st prongs of STRICKLAND V WASHINGTON 80 L ED 2D 674 (1984), PREJUDICE ALAIMALO to federal enhancements using two state priors, "DOUBLE COUNTED". WITHOUT THE ERROR should be a mere 15 year sentence which he has completed already. But the Illegal enhancement upon ERRONEOUS FACTS ENHANCED TO (5) FIVE LIFE SENTENCES AND 40 YEARS WHICH excluding the ERROR DOUBLE Jeopardy VIOLATIONS WOULD ONLY BE 15 YEARS SENTENCE NOT WITHSTANDING ERRONEOUS FEDERAL CHARGED "SIMPLE POSSESSION PERSONAL USE ALSO," AND RELEVANT CONDUCT RETROACTIVE USSG 1B1.3(a) to sentencing amendment retroactive 484 and 591.

ALAIMALO'S Federal "FRAUD" of prosecution charged JURISDICTIONAL DEFECTIVE INDICTMENT USING FALSE DRUGS QUANTITIES, SEE APP 17, ALL FORENSIC drug test show actual amount of drugs excluding COFFEE GRINDS, WAS 8%, 7%, 15%, 17% FOR INSTEAD OF 1018 GRAMS would be 70 to 150 grams consistent

to buying large quantities mailed from U.S.A to U.S GUAM for "BULK DISCOUNT" as U.S V PUCKETT 405 F 3D 589 (7th cir 2005, n 12, bulk buying for personal use must BE RAISED OR WAIVED.

STATE ORDER CONFUSION AS;
Alaimalo See Appendix 14, copy of State Municipal Court of Long Beach complaint says, Second felony #A034969 cause it states First primary felony #A034746 released from custody on O.R. bail, within meaning of Penal Code §12022.1.

\*\*\*Cal Penal Code §12022.1 Felony committed while released on bail or recognizance; primary offense and secondary offense; additional punishment
    (a)(1) Primary Offense means felony offense which person been released from custody on bail or OWN RECOGNIZANCE

"PRIOR" to judgment becoming final,
    that has been revoked. (2) Secondary offense means felony offense committed while person is released from custody for a Primary offense.
    Facts, Alaimalo, Appendix 105, pg 1 and 2, Federal pre-sentence report, ¶38, First Primary offense was arrested for .38 grams (SHOULD HAVE BEEN CHARGED §1210 PERSONAL USE) but INCOMPETENT COUNSEL (OFFICER OF THE COURT COMMITTED "FRAUD" ALSO) FAILED TO OBJECT TO CHARGE §11350 POSSESSION OF DRUGS NOT PERSONAL USE A LESSOR INCLUDED OFFENSE.
WHILE on O.R, on bail, Committed the "SECONDARY OFFENSE," ¶39 A034969, POSSESSION of 1.23 grams of base/with a crack smoking pipe. (Analogous to §1210 PERSONAL USE).

(b) Any person Arrested for secondary offense alleged committed while that person was released from custody on primary offense will be subject to penalty enhancement of additional,

"TWO YEARS" in state prison shall be served "Consecutive" to any other term.

APP 105 PRE-SENTENCE shows ¶38 first primary offense years state prison and enhance to (3) three levels criminal history points.

See ¶39, Secondary offense Criminal history 4A1.2(a)(2), see "0" ZERO POINTS.

BECAUSE first primary offense MISDEMEANOR §11350 maximum NOT OVER ONE YEAR SENTENCE, ENHANCEMENT BY SECONDARY OFFENSE "STATUTE SAYS" "TWO YEARS CONSECUTIVE."

THUS, ALAIMALO'S 1 year for primary and 2 years for secondary offense total 3 years, otherwise would violate "DOUBLE JEOPARDY" §654.

(d) whenever there is a conviction for secondary offense and the enhancement if proved, and the person is sentence on the secondary offense "PRIOR" to the conviction of the primary offense, the imposition of the enhancement;

"SHALL BE STAYED PENDING IMPOSITION OF SENTENCE FOR PRIMARY OFFENSE. THE STAY SHALL BE LIFTED by court hearing the primary offense at time of sentencing for offense and shall be recorded in abstract of judgment.

Alaimalo's secondary offense was stayed until the primary offense was sentence.

(e) If person convicted of felony for primary offense, is sentenced to state prison for primary offense, and is convicted of a felony for secondary offense, any state prison sentence for secondary offense shall be consecutive to the primary sentence.

Then because the judgment was sentence concurrently on Feb 18, 1987, sentence to 179 days in jail and 3 years probation ON ¶38 CASE #A034746, AND ¶39, A034969 SAYS 3 YEARS PRISON. The probation violation since was STAYED revoked on May 12, 1989 to (3) three YEARS, BUT NO POINTS EXTRA WERE CALCULATED BECAUSE THEN;

MAXIMUM SENTENCE 1 YEAR FOR PRIMARY AND 2 YEARS AGGREGATED FOR SECONDARY TOTAL 3 YEARS OTHERWISE,

VIOLATION OF DUE PROCESS CLAUSE AGAINST DOUBLE JEOPARDY TO CAL PENAL CODE §654, DOUBLE COUNTING.

CONCLUSION

CRITICAL "FRAUD" was committed against Alaimalo, PROSECUTION FRAUD "MISUSE", "MISREADING" State two prior enhancements. Retroactive F.R.CR.P, RULE 3582, 484 and 591 Sentencing amendments relevant conduct USSG 1B1.3, MUST BE SENTENCE TO ACCURATE SENTENCING, AND REGINAL McCOY, 11th cir NO 04-12497-H, SEPT 20, 2004, As argued 11th circuit LEADING CIRCUIT TO RULE 60(b) motions are SUCCESSIVE MOTIONS "EXCEPT" FRAUD. REGINALD was granted C.O.A, by 11th circuit and GRANTED REMANDED to district court to hear FRAUD, USE OF 2 ILLEGAL FRAUD PRIORS FOR LIFE SENTENCE ENHANCEMENT. ANALOGOUS TO ALAIMALO, his

"MISCONSTRUED" TWO PRIORS

ineffective counsel never objected to use of §11350 one MISDEMEANOR, ENHANCE BY another PERSONAL USE DRUG VIOLATION §11350 ON BAIL ON O.R, aggregate primary to two more years equal 3 years total.

Federal courts VIOLATE due process using Alaimalo's two priors "TWICE" "DOUBLE COUNTING" SAME MISDEMEANOR, A034746 AND A034969 TWICE, VIOLATES DOUBLE JEOPARDY AND PREJUDICE ALAIMALO to 841(a) two priors enhancement to 5 life sentences and 40 years that proper "PERSONAL USE" priors would of only been mere 15 years at best sentence.

Alaimalo's "EXTRAORDINARY CIRCUMSTANCES" WARRANTS 2255 rule 7 expansion of record to include this GROSS ERRONEOUS "FRAUD" that resolved would resolve also the later constitutional violations as Circuit law make clear. U.S V CABACCANG MADE CLEAR ALAIMALO DRUG AMOUNTS MUST BE RESENTENCE REOPENED THE DOOR FOR RESENTENCING, Alaimalo should be heard.

Thank you

*Vaatausili Mark Alaimalo* (signature)

Vaatausili Mark Alaimalo Pro-se

Certification

I certify that all above is all true and correct under penalty of perjury, Dated Nov 30 2005, Notary, 28 USC 1746, In lieu of Notary, HOUSTON V LACK 101 L ED 2D 245 (1988), FILED to prison mail box, and true copies mailed to; Assistant U.S ATTORNEY, Ms Karon V. Johnson Esq, suite 500 Sirena Plaza, 108 Hermaan Cortes Ave, Hagatna, Guam 96910,

Thank You

*Vaatausili Mark Alaimalo* (signature)

§ 1210. Definitions [1]

As used in Sections 1210.1 and 3063.1 of this code, and Division 10.8 (commencing with Section 11999.4) of the Health and Safety Code:

(a) The term "nonviolent drug possession offense" means the unlawful personal use, possession * * * for personal use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code. The term " nonviolent drug possession offense" does not include the possession for sale, production, or manufacturing of any controlled substance and does not include violations of Section 4573.6 or 4573.8.

§ 11350. Possession of designated controlled substances; punishment and fine

(a) Except as otherwise provided in this division, every person who possesses (1) any controlled substance specified in subdivision (b) or (c), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison.

(b) Except as otherwise provided in this division, every person who possesses any controlled substance specified in subdivision (e) of Section 11054 shall be punished by imprisonment in the county jail for not more than one year or in the state prison.

§ 12022.1. Felony committed while released on bail or recognizance; primary offense and secondary offense; additional punishment

(a) For the purposes of this section only:

(1) "Primary offense" means a felony offense for which a person has been released from custody on bail or on his or her own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked. In cases where the court has granted a stay of execution of a county jail commitment or state prison commitment, "primary offense" also means a felony offense for which a person is out of custody during the period of time between the pronouncement of judgment and the time the person actually surrenders into custody or is otherwise returned to custody.

(2) "Secondary offense" means a felony offense alleged to have been committed while the person is released from custody for a primary offense.

(b) Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.

(c) The enhancement allegation provided in subdivision (b) shall be pleaded in the information or indictment which alleges the secondary offense, or in the information or indictment of the primary offense if a conviction has already occurred in the secondary offense, and shall be proved as provided by law. The

§ 1170.1 Aggregate term of imprisonment for persons convicted of two or more felonies where consecutive term of imprisonment imposed; principal, subordinate and additional terms; enhancements

(a) Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1. The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any term imposed for applicable specific enhancements. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of the term imposed for any specific enhancements applicable to those subordinate offenses.

§ 654. Offenses punishable in different ways by different provisions; double jeopardy; denial of probation

(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.