FILED
DISTRICT COURT OF GUAM
JAN 20 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM
TERRITORY OF GUAM

VAATAUSILI MARK ALAIMALO,

Defendant-Petitioner,

vs.

UNITED STATES OF AMERICA,

Plaintiff-Respondent.

Criminal Case No. 96-00039

ORDER

This matter comes before the Court with respect to Petitioner Vaatausili Mark Alaimalo's ("Alaimalo") three requests:[1] 1) Reconsideration of this Court's recent order denying relief pursuant to FED. R. CIV. P. 60(b)(3); 2) A request for information regarding "Defendant's filed 18 U.S.C. 3582."[2]; and 3) Motion for "Expansion of Record Facts that meet 'Extraordinary Circumstances.'"

*Motion to Reconsider.* A Motion for Reconsideration should be denied unless it raises new factual or legal arguments. *See, Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). In his motion for reconsideration, Alaimalo essentially reasserts the arguments raised in his initial motions and the first Request for Reconsideration. Further, because the factual predicate for the Alaimalo's Rule 60(b) motion also states a claim for a successive § 2255 motion under 28 U.S.C. § 2255, it is more properly treated as a second or successive § 2255 motion. *See Thompson v. Calderon*, 151

---

[1] Alaimalo filed two pleadings the first entitled "1. Courts Denial of Reconsideration Motion CONFLICTS WITH Ninth Circuit law, Rule 60(b)(3), CONFLICTS WITH LEADING CIRCUIT LAW, Congress law, thus, Second Reconsideration, 2. Motion for Information regards to Defendant's Filed 18 USC 3582, YOUR order did not rule on 3582 issue." and "Rule 7(a) Expansion of Record Facts that meet 'Extraordinary Circumstances.'" *See* Docket Nos. 124 and 125.

[2] The Court has reviewed Alaimalo's entire file and no request pursuant to 18 U.S.C. 3582 could be located. As such the Court will take no further action in that regard as Alaimalo's request is moot.

F.3d 918, 921 (9th Cir.1998). The Court finds no new legal or factual basis upon which to grant relief. Moreover, even if Alaimalo did assert a new legal or factual basis, since he has not obtained authorization from the Ninth Circuit Court of Appeals for the district court to consider a successive § 2255 motion, this Court is without jurisdiction to hear his "Rule 60(b)" motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction). Accordingly, the Motion for Reconsideration is DENIED.

*Motion to Expand the Record.* Alaimalo asserts that the calculation of his criminal history category under the sentencing guidelines was done in error. However, this claim was included in his original 2255 petition filed on December 15, 2005. This is the same petition that was ultimately determined to be a second or subsequent petition. The Ninth Circuit denied Alaimalo's request for authorization to file and it was subsequently dismissed by this Court for lack of jurisdiction. As such this is not newly obtained information. Even if the information was newly obtained, at this time Alaimalo has not obtained authorization from the Ninth Circuit to file a successive petition. Therefore, the Court lacks jurisdiction to consider this motion. Accordingly, the Alaimalo's Motion to Expand the Record is DENIED.

## CONCLUSION

Based on the aforementioned reasons, all requests for relief raised by Alaimalo are hereby DENIED.

**SO ORDERED** this 20th day of January, 2006.

Donald W. Molloy*
United States District Judge

---

* The Honorable Donald W. Molloy, United States Chief District Judge for Montana, by designation.