Feb 2, 2006     District Court of Guam
                Territory of Guam

Vaatausili Mark Alaimalo

Defendant-Petitioner

vs                          Cr no 96-00039

United States of America    Civil no 03-00044

Plaintiff-Respondent

_____/

1. Motion for Certificate of Appealability from F.R.CV.P rule 15(a) Relation-back to Original 2255 Motion, or REOPENING Original Habeas Upon FRAUD, and REOPENING Habeas On Supreme Court "CUSTIS," Pro-se

Jurisdiction

Part 1, F.R.CV.P rule 15(a)-(C), Defendant has jurisdiction. Movant argued U.S V THOMAS 221 F 3D 430 (3rd cir 2000), Supreme court defined clarifications are always retroactive in RIVERS V ROADWAY EXPRESS 128 L ED 2D 274-78 (1994). MAYLE V FELIX 162 L ED 2D 582 (JUNE 23, 2005), Supreme Court held, Amendment pleading RELATED BACK to date of ORIGINAL PLEADING, when original pleading and amendment arose from,

"SAME, CONDUCT, TRANSACTION, OR OCCURRENCE."

RELATION BACK DEPENDED on existence of common core of operative facts uniting Original and newly asserted claims. Ninth circuit concluded rule 15(c)(2), Court interpreted term "TRANSACTION" to mean "ENTIRE TRIAL AND CONVICTION." NINTH Circuit held in instant case that petitioner's fifth amendment claim related back to his sixth amendment claim and therefore could be added despite the fact that limitations period had expired, 379 F 3d 612, 75 CRL 555 (9the cir 2004).

Rule 15 adopted by Ninth and Seventh circuits, counting a host of non-habeas civil cases in which facts cited support to amended pleadings were tied closely to those set forth in original complaints, See UNITED STATES V ELLZEY 324 F3D 521 (7the cir 2003). Petitioner claims the broader reading of "RELATION BACK" IMPOSES no problem cause courts have power under rule 15(a) to deny leave to amend when justice so requires. Court noted so long as original and amended petitions state claims that are tied to common core of

"Operative facts, RELATION-BACK WILL BE IN ORDER, as an example a case it cited a timely petition challenging admission of "RECANTED" STATEMENT that properly amended by an untimely claims attacking trial courts refusal to permit petitioner to show that recantation had occurred. ALAIMALO, Appendix 103, Newly Discovered Affidavit of Thomas Sablan Amends the appendix for issue FRAUD illegal search.


Part 2,  "EXTRAORDINARY FACTS" USE AS REFERENCE FACTS, no use to REPEAT IN FOLLOWING ISSUES " Warrant Relief," to be HEARD,

DOUBLE FRAUD ILLEGAL SEARCH

1. After filed first 2255 motion acquired App 103, Thomas Sablan Newly discovered AFFIDAVIT affirms Officer Palacio's FRAUD LIE that Thomas appeared at screen door and exited for Mild exigency was FRAUD. The affidavit declaration meets RULE 15(C). In ADDITION to other fraud illegal search claims;

a, Phony dog sniff cannot sniff coffee grinds,

b, Broken trail, both testifying officers "LOST" the truck

going to Alaimalo's residence, LOST PROBABLE CAUSE,

c.  Police violated the curtilage area,

d,  Police fraud looked into the wrong truck, between two houses for mild probable cause,

e,  Key, Officer Palacio FRAUD LIES, LIED THOMAS APPEARED at the screen door and exited gave police mild exigency to enter the Residence,

By FRAUD, Actually, first officer yelled "hit the floor with guns pointing," Officer Palacio was third in line, CANNOT SEE "ANYONE" AROUND SCREEN the DOOR, OFFICERS IMMEDIATELY ILLEGALLY ENTERED THE RESIDENCE, WITH KNEE ON BOTH SABLANS BACKS HANDCUFFED THEM for 5 minutes and then took them outside the residence. Multiple Fraud Unreasonable search 4th amendment.

2.  Double Fraud, Newly presented evidence, Government used This FRAUD cite law, U.S V LAI 944 F 2D 1434 (9th cir 1991), New affidavits received after filing first 2255 motion, RECEIVED NEWLY PRESENTED affidavits in Lai, App 18, Clifford Tom (Fook). Declares Police deliberately stopped the cab, ordered Tom out of the cab, Officer Blessing LIED FRAUD, Tom dropped two bindles on floor, actually Officer illegally searched without permission found two bindles of drugs, squeezing the pant pocket, BOND V UNITED STATES 146 l ed 2d 365 (2000), Supreme court held Squeezing is ILLEGAL 4TH AMENDMENT violation. Officer FRAUD lied, perjury Tom said, "I got the drugs from Lai's residence." This gave police MILD probable cause to search Lai's residence the Ninth circuit held in U.S V LAI. THUS, "DOUBLE FRAUD" was committed both in Alaimalo and denying Alaimalo's search

using double fraud U.S V LAI to dismiss Alaimalo's fraud
claims for illegal search.

Ineffective Appeal attorney Arens, was told by Oral
hearing judge, App 78, pg 2, "I DON'T HEAR ANY PROBABLE
CAUSE," APP 79, pg 9, Judge said first line, You're
CONVINCING ME OVER AND OVER AGAIN, you DON'T HAVE PROBABLE
CAUSE, "YOU DON'T KNOW WHERE THE PACKAGE WAS." Justice told
Attorney Arens to write this issue, Arens agreed to and THEN
"DROPPED THE BALL," did not raise the ILLEGAL NO PROBABLE
CAUSE. Counsel failure to raise relevant law meets 1st prong
of STRICKLAND analysis. Ineffective counsel failure to
ADEQUATELY argue 4th amendment challenge "was cause and
prejudice" to DOUBLE FRAUD DRUG QUANTITIES by government.


3. UPON resentencing from Intervening Change of law
RETROACTIVE, All imported drugs must be vacated, the
Prosecutor's RECANTING drug amounts (defective indictment by
constructive amendment to indictment drug quantities FRAUD),
meets rule 15. Prosecutor's Constructive amendment to
indictment, a, charged 841(a)(1)(A) 10 to life but Change of
retroactive law "EXCLUDING IMPORTATION DRUGS" COUNT 4, 68
GRAMS IMPORTED, Count 5, Charged presented to grand jury and
closing to jury 318 grams 10 to life, Count 6, He imported
all drugs. Excluding change of law drugs remains, count 4,
68 GRAMS Prosecutor amended to 9.5 but actual possessed only
2 grams, and count 5, FRAUD, 318 grams was ACTUALLY COFFEE.
Forensic report shows 318 grams coffee grinds and 207 meth
equals 15% which is 30 grams, Prosecutor again FRAUD lied 50
grams to meet 841(A) 10 to life when actual drugs was ONLY 30

GRAMS 15%.

INDICTMENT READS NO DRUG AMOUNTS TO 841, and JURY INSTRUCTIONS READ, "NO DETECTABLE AMOUNT."

THUS, EXCLUDING CHANGE OF LAW IMPORTATIONS DRUGS, COUNTS 4, 5, BOTH SHOULD be resentence to "NO INDICTABLE DRUG AMOUNTS, 841(a)(1)(C), maximum 20 years.

4. Above, FRAUD DRUG QUANTITIES VIOLATE "EX POST FACTO" NEW AMENDED DRUG AMOUNTS prosecutor fraud using wrong higher drug amounts 1996 when should of used the lower drug amounts for 1995 YEAR WHERE CRIME WAS COMMITTED, prejudice to 10 to life on this FRAUD, GOVERNMENT EXTERNAL IMPEDIMENT, IS CAUSE.

5. Fraud, Relation back to ERRONEOUS 2 PRIORS enhancement to life and count 4, 40 years, and count 5, and 6. Ineffective counsel failure to raise relevant law, and consult with client, meets the 1st prong of STRICKLAND V WASHINGTON 80 L ED 2D 674 (1984). Calif Penal Code §11350 maximum sentence 1 year is a MISDEMEANOR not FELONY for Federal enhancement. Secondary §11350 aggregated on bail from first 11350, are "RELATED." Means one prior not two.

Concurrent sentences of two MISDEMEANORS §11350 MAXIMUM 1 year cannot be used for 841 Life mandatory sentence, violates RETROACTIVE WINSHIP, 25 L ED 2D 368, (1970) IVAN 12 L ED 2D 569 (1972), SULLIVAN 124 L ED 2D 182, APPRENDI 147 L ED 2D 435 (2000), BLAKELY 159 L ED 2D 403 (2004),AND BOOKER 160 L ED 2D 621 (JAN 12, 2005), and STATE SUPREME COURT PEOPLE V BLACK Cal No S126182, June 20, 2005.

6. PEOPLE V BLACK, Supreme court "CLARIFIED" and "INTERPRETED" BOOKER, thus is, retroactive,

SEE RIVERS V ROADWAY EXPRESS supra.

The Circuit courts asked the Supreme court to "CLARIFY and INTERPRET" BLAKELY V WASHINGTON decision as to how to apply the new law. Obviously is a CLARIFICATION AND NEW INTERPRETATION, DEFINED as ASKED. Meets the Calrification and interpretation, in RIVERS V ROADWAY, must be "RETROACTIVELY APPLIED."

Alaimalo's two priors defective indictment, ineffective counsel failure to correct defective indictment, Alaimalo's charge, PRIMARY .38 grams and Secondary offense while on bail to Calif Penal Code §12022.1 law, 1.23 grams and smoking pipe SHOULD HAVE BEEN CHARGED TO Cal penal code §1210, "PERSONAL USE." PENALTY "NO JAIL TIME," secondary charge on bail are related and second personal use §1210 and if violated, would revoke the maximum 1 year probation or reinstate the drug program, thus, both misdemeanors.

7. State priors violate "EX POST FACTO" Because, 1996 amendment U.S V GLOVER 153 F 3D 749 (D.C.cir 1998), RETROACTIVE USED IN FEDERAL SENTENCE ENHANCEMENT TO LIFE MAKING CAL PENAL CODE §11350 A FELONY WHEN SHOULD OF BEEN §1210 PERSONAL USE, THIS PUNISHMENT violates EX POST FACTO of state convictions, see UNITED STATES V SMALLWOOD 35 F 3D 414, 417 (9th cir 1994), and CALIFORNIA DEP'T OF CORRECTIONS V MORALES, 131 L ED 2D 588 (1995).

California Supreme Court PEOPLE V BLACK THUS would violated BOOKER, APPRENDI CLAUSE. ALAIMALO

"Has EXTRAORDINARY" "DOUBLE APPRENDI, BOOKER" VIOLATIONS"

IN FEDERAL AND STATE, first by FRAUD, to be heard and to

6

correct the 5th, 6th amendments violations.

Part 3, Rehearing COOPER V WOODFORD 358 F 3D 1117 (9th cir 2004), Ninth circuit judge called for "EN BANC" HEARING from (3) three panel order. Majority of judges voted in favor of En Banc review of Kevin Cooper's application to file second or successive petitioner for writ of habeas corpus. AEDPA "DOES NOT ALLOW" for rehearing for denial of authorization for second application but we have "SUE SPONTE" power to REHEAR such denial En Banc. Alaimalo's Extraordinary Facts should be REHEARD.

Part 4, GUAM Court has JURISDICTION TO BE HEARD CUSTIS V UNITED STATES 128 L ED 2D 517 (1994), AT (5), If accused is successful in attacking state sentence enhanced on basis of state sentence. See UNITED STATES V WILLIAM HARRISON CR NO 1;90-CR 460-01. DISTRICT court North District of Georgia, Atlanta division (2000), State court vacated both convictions, Harrison filed 2255 to District court, government argued AEDPA restriction, yet District court RESENTENCE defendant to excluding the vacated priors. U.S V GADSEN 332 F 3D 224 (4th cir 2003), id., 228, Citing CUSTIS, Critically for present case, Supreme court note, after federal enhancement was imposed...

"Person sentenced may pursue any channels of direct of collateral review still available to challenge his prior convictions," DANIELS V UNITED STATES 149 L ED 2D 590 (2001), at 532 US AT 382, SURPREME COURT instructed petitioners such as GASEN to attack predicate felony

conviction itself, either in state court or through Federal habeas review, rather than attacking it indirectly by seeking to obviate effect it has on sentencing process for another, recidvist conviction. "If any such challenge to underlying conviction is successful, majority opinion continued, "The defendant may than apply for "REOPENING" his federal sentence. Supreme court in CUSTIS, "it would be illogical if not cruel gesture invite prisoners to attack their predicate convictions and then inform then their efforts must go for naught and their,

"ENHANCED SENTENCES MUST STAND"

WE DO NOT BELIEVE Supreme court would contenance any such result. DANIELS like GADSEN, FEDERAL statute of limitations begins running when state court conviction is conclusively invalidated.

Analogous to Alaimalo, When UNITED STATES V CABACCANG 332 F 3D 622 (9th cir 2003), En Banc, change the law IMPORTATION counts are invalid, EXCLUDING the IMPORTED DRUG AMOUNTS, reduces ALAIMALO'S DRUG AMOUNTS FROM 841 10 TO LIFE MAX TO,

841(C) MAXIMUM 20 YEARS FROM JURY INSTRUCTIONS "NO DETECTABLE AMOUNT."

THIS CABACCANG 9th circuit law EVISERATED the State priors enhancements to Alaimalo. Two Priors can NO LONGER QUALIFY TO ENHANCE ALAIMALO to MANDATORY LIFE sentences in 841(a)(1)(A). Resentencing, the court cannot by ineffective counsel and Ex Post Facto use two "MISDEMEANOR" priors cause they've been eliminated by CABACCANG new law.

CUSTIS 511 US at 496, Second, SUPREME Court held the INTEREST

in promoting finality of judgments to ALL CLAIMS OF
CONSTITUTIONAL DEFECT, 114 S CT AT 1739. AS ALAIMALO'S 5TH
AND 6TH Constitutional defective indictment and sentence OVER
MAXIMUM statute, citing U.S V ZARATE-MARTINEZ 133 F 3D 1194
(9th cir 1998). Prisoner can attack the CUSTIS "NARROW
EXCEPTION" DEPRIVED of right to counsel under GIDEON V
WAINRIGHT 9 L ED 2D 799 (1963), UNITED STATES V PRICE 51 F 3D
175, 177 (9th cir 1995), Applying CUSTIS, INEFFECTIVE COUNSEL
AT SENTENCING. IN ALAIMALO, at sentencing, ineffective
counsel failure to raise relevant law, Alaimalo's state
misdemeanors priors at sentencing pg 25, 318 grams count 5,
Prosecutor amended to ln 18, 50 grams (Fraud actual 30).
Sentencing pg 3, All 1018 grams total weight was IMPORTED,
THUS "ALL SHOULD BE VACATED." TR 849, COUNT 4, 68 grams
imported actual drugs PROSECUTOR AMENDED correction was 9.5
grams, but POLICE ONLY PUT 2 GRAMS IN. Ineffective counsel
on all counts FAILURE TO READ THE FORENSIC report, did NOT
CORRECT THE "PROSECUTOR'S FRAUD DRUG AMOUNTS. POGUE V
RATELLE 58 F SUPP 2D 1140 (S.D.Cal 1999), Cites at 1150,
BROCK V WESTON 31 F 3D 887, 890 (9th cir 1994), Still in
custody from his state convictions at time of federal
sentencing could attack his state sentences through,

"FEDERAL HABEAS REVIEW",

UNITED STATES V PRICE 51 F 3D 175, 177 (9th cir 1995),
defendants wish to challenge validity of prior convictions
used for enhancement has constitutional right to do so only
through habeas corpus. As Government is in ERROR,

"Respondent therefore misconstrues CUSTIS as authority

to preclude petitioner's habeas claim."

U.S V RICARDO 78 F 3D 1411 (9th cir 1996), RICARDO filed a RULE 35, Also U.S V LA VALLE 175 F 3D 1106 (9th cir 1999) both cite PRICE, 51 F 3D 175, APPLYING CUSTIS "RETROACTIVELY" TO DISTRICT courts refusal to allow defendant to challenge prior convictions for purposes of sentence enhancement.

Part 5, Court has JURISDICTION UNDER FRAUD, F.R.CV.P rule 60(b)(3)

REGINALD L. McCOY V UNITED STATES 11th cir no 04-12497-H, Sept 20, 2004, Leading Circuit to rule 60(b) FRAUD, decided McCOY FRAUD, after McCOY filed 20 to 40 Motions in 10 years, the 11th circuit granted C.O.A and granted the 1. Rule 60(b) Fraud, and REGINALD cited CASTRO V UNITED STATES 157 L ED 2D 778 (DEC 2003), That Court must GIVE NOTICE TO DEFENDANT CONSEQUENCES TO FILE "ALL ISSUES HE BELIEVES HE HAS, that any issues left out would be considered SUCCESSIVE. To Prevent "RECHARACTERIZING" his one motion as COMPLETE ONE FULL AND FAIR 2255 MOTION.

11th circuit "GRANTED" as successive application remanded back to District Court to be heard on 2 illegal USE OF UNQUALIFYING PRIORS Prejudice McCOY to life sentence, TO PREVENT A MISCARRIAGE OF JUSTICE. CALDERON V THOMPSON 140 l ed 2d 728 (1998), SUPREME court "SUE SPONTE" mandate recalls should not be granted unless necessary to prevent a miscarriage of justice, to correct clerical errors in judgment or where there has been

"FRAUD" upon the court,"
id,. 118 S ct 1489. Ninth circuit CARRIGER V STEWART 132 F 3D 463 (9th cir 1997), En Banc quoting SCHLUP, Supreme court emphasized considering all evidence available been,

"ILLEGALLY ADMITTED and to any UNRELIABILITY of it. ABDUR'RAHMAN 392 F 3D 174 (6th cir 2004), En Banc GRANTED, from FRAUD from being denied successive habeas petition.

Prisoner can challenge FRAUD to "INTEGRITY" of District courts opinion. Prosecutor's misconduct was grounds justifying relief from judgment not as second successive habeas petition, REVERSED. RODRIQUEZ V MITCHELL 252 F 3d 191, 198 (2nd cir 2001), Rule 60(b) always treated as Successive EXCEPT WERE "FRAUD" led to denial.

Eleventh circuit leading proponent of this view, and Alaimalo raised REGINALD McCOY, 11th circuit GRANTED "C.O.A," UPON "FRAUD" of prosecutor using INCORRECT 2 PRIORS FOR LIFE SENTENCE. FRAUD is only reason to doubt integrity of habeas judgment as UNFAIR SURPRISE. HAMILTON V NEWLAND 374 F 3D 822, 824 (9th cir 2004), Reconsideration upon 60(b) when AEDPA WAS BARRED by 1 year limitations. IN RE HUNTER 66 F 3D 1002 (9th cir 1995), Kalt raised "FRAUD" 60(b) "SAVINGS CLAUSE, CALLED "INDEPENDENT ACTION." To relieve party from judgment under FRAUD. THOMPSON BOTH SUPREME COURT AND NINTH CIRCUIT BOTH STATED;

IF STATE'S MISCONDUCT PREVENTED DEFENDANT from testing potentially evidence which might provide predicate for successive petition an "INDEPENDENT rule 60(b)(3)" might be appropriate. THOMAS V GOLDSMITH 99 F 3D 746, 749 (9th cir 1992), It would be unfair ad INCONGRUENT to treat 60(b) fraud

as successive petition.

## Conclusion to FRAUD

The District court has jurisdiction under FRAUD and "RETROACTIVE" CASTRO V U.S, AMENDING FIRST 2255 MOTION TO "ALL ISSUES HE BELIEVES HE HAS."

Part 6, 18 USC 3582, Retroactive Amendment USSG 484, AND 591

Certificate of Appealability is NOT REQUIRED FOR Motion 3582.

a, 3582(c)(1)(A)(i), Extraordinary and compelling reasons warrant such a reduction,

b. 18 USC 3582(c)(2) provides, When defendant was sentence to imprisonment based on sentencing range that has subsequently bee lowered by Sentencing Commission pursuant to 28 USC 994(o) Upon director of B.O.P, or his own motion, the court may reduce term of imprisonment, considering factors in §3553(a).

## Conclusion

Above Alaimalo's "EXTRAORDINARY CIRCUMSTANCES are met, USSG 484, 591 RETROACTIVE AMENDMENTS affirm "LOWER DRUG AMOUNTS" this court has jurisdiction, and UNNECESSARY FOR C.O.A.

FINAL PART 7, Motion for Certificate of Appealability

HOHN V UNITED STATES NO 96-8986, JUNE 15, 1998, HOHN claimed his 2255 motion arguing §924(c) Use of firearm evidence was insufficient under intervening decision BAILEY V UNITED STATES 516 US 137. UNDER AEDPA Appeal must show

substantial denial of Constitutional Right, §2253(c)(2) for C.O.A. U.S Supreme court, government now says defendant's claims is constitutional in nature and remanded to be reconsidered. Supreme court held, BLYEW V UNITED STATES 13 WALL, 581, 595,

"Dispute seeking relief for immediate and REDRESSABLE injury, wrongful, DETENTION violation of constitution and there is adversity as other qualities of a case in §2253(c)(1) permits C.O.A."

TODAYS holding conforms commonsense practice statutory scheme making it "UNNECESSARY to invoke courts "EXTRAORDINARY JURISDICTION," IN routine cases, which present important and "MERITORIOUS" CLAIMS SUCH AS HOHN'S.

Analogous to Alaimalo, Alaimalo HAS "BOTH" A RETROACTIVE HOHN issue "Change of law" and above "EXTRAORDINARY CIRCUMSTANCES" BOTH that the court has JURISDICTION to Prevent WRONGFUL DETENTION.

IN LAMBRIGHT V STEWART 220 F 3D 1022 (9th cir 2000), C.O.A was granted to claims, 1. Lessor included offense, and 2. Jury instructions erroneous to felony murder, 3. Court Erroneously permitted Attorney to vouch Credibility of State principal witness.

Analogous to Alaimalo, 1. Alaimalo meets "DOUBLE" LESSOR INCLUDED, FEDERAL Defective indictment, FRAUD DRUG QUANTITIES WARRANTED LESSOR INCLUDED OFFENSE both Federal and State, 2 priors WRONG INDICTMENT CHARGE SHOULD HAVE been §1210 PERSONAL USE BOTH MISDEMEANORS.

2. ERRONEOUS jury instructions, "NO DETECTABLE AMOUNT" thus, indictment should have been 841(a)(1)(c) Maximum 20 years NOT

LIFE. STATE 2 PRIORS SHOULD HAVE BEEN §1210 PERSONAL use both misdemeanors, Alaimalo has a DOUBLE APPRENDI, BOOKER VIOLATIONS FROM PROSECUTORS FRAUD to the court.

3. Vouching Credibility, In Alaimalo prosecutor vouched police followed the truck to his residence when only two officers testified they lost the truck. Prosecutor VOUCHED police Palacio's saw Thomas appear at door and exited giving entry to police, yet, prosecutor during trial heard Mrs Sablan and officers testify, Police yelled hit the floor, and ILLEGALLY ENTERED, with knee on back handcuffed both Sablans (so Thomas never appeared at the screen door) after 5 minutes took both Sablans out the door.

So "FRAUD, HOW DID POLICE HAVE RIGHT TO ENTER TO HANDCUFF BOTH SABLANS?"

ALL fraud vouched by prosecutor. Analogous to LAMBRIGHT V STEWART, ALAIMALO meets the ELEMENTS IN LAMBRIGHT and should be granted C.O.A.

LOZADA V DEEDS 112 L ED 2D 965 CERTIFICATE of probable cause issued §2253 that petitioner must make substantial showing of denial of federal right and demonstrate;

1. Issues are debatable among jurist of reason,
2. Court could resolve issues in different manner or,
3. Questions are adequate to deserve encouragement to proceed further.

C.O.A ¶1, Alaimalo meets Element 1, issues debatable among jurist of reason.

1. FRAUD ILLEGAL SEARCH, JURORS WOULD BE DEBATABLE that Dogs cannot sniff 85-90% COFFEE GRINDS, That both officers testified they LOST THE TRAIL from post office to residence,

police violated "CURTILAGE AREA", POLICE "FRAUD LIED" Thomas appeared at door and exited, Ex post facto wrong indictment charged 841(a)(1)(A) 10 to life for 2000 grams of meth, new statute 841 is 1000 grams. Prosecutor FRAUD LIED 1018 GRAMS COUNT 6 WHEN forensic report proves NOT 1018 GRAMS BUT ONLY EITHER 70 OR 120 GRAMS TOTAL "NOT FRAUD" 1018 GRAMS EX POST FACTO.

JURORS IF INEFFECTIVE counsel ask for jury instructions, from forensic report actual drugs would have been debatable.

C.O.A ¶2, COURT could resolve in different manner.

Fraud ILLEGAL search, all evidence should be dismissed.

Indictment wrong charges should be resentence to correct statute 841(c) Maximum 20 years,

Both priors prosecutor "FRAUD" raised U.S V LIQUORI 5 F 3D 435 (9th cir 1993), to FRAUDULENTLY change Alaimalo's sentence from 15 years to life sentences. Ineffective counsel failure to raise relevant law meets 1st prong of STRICKLAND. COUNSEL permitted prosecutor to commit FRAUD arguing LIQUORI two priors same as Alaimalo thus are two felony priors not one as "PRE-SENTENCE report shows AS RELATED." LIQUORI FRAUD WAS CHARGED April 8, 1982, WITH Dissuading witness by force and threat of force and possession of meth. Sept 15, 1982, convicted of two counts witness intimidation and one count possession. Second prior May 3, 1982, possession of felony drug possession.

Liquori sentence to 3 years each count witness dissuading and two years for drugs. Second prior sentence to 2 years.

As argued in Extraordinary Reference, LIQUORI'S first prior was sentence to two 3 year sentence and drugs 2 years.

All are counted as FELONIES, PRIOR 2, "NOT AGGREGATED AS ALAIMALO" TWO YEARS ANOTHER FELONY.

NOT SO IN ALAIMALO, Alaimalo was sentence and charged to §11350, Calif penal code "MAXIMUM" sentence is 1 year. Both priors charged 11350 both 1 year maximum sentence.

INEFFECTIVE counsel failed to argue "DISTINGUISHING DIFFERENCE," Calif Penal code §12022.1 Felony "COMMITTED ON BAIL" Alaimalo's second 11350 cannot be enhance statute 2 years consecutive from
Cal penal code §1170.1 Aggregate terms two felonies "MUST BE SUM OF PRINCIPAL TERM." PRINCIPLE terms 11350 is maximum 1 year. Aggregate 11350 both counts are misdemeanors not as LIQOURI, HIS COUNTS WERE THREE YEAR COUNTS. ALAIMALO more than one year would violate Cal penal code §654 Double jeopardy.

Prosecutors FRAUD WRONG CITATION admitted not objected by ineffective counsel failure to raise relevant law.

### Conclusion

Alaimalo meets C.O.A ¶2, Court could resolve issues in different manner, Alaimalo should be resentence to all above.

C.O.A ¶3, Questions are adequate deserve encouragement to proceed further.

Alaimalo's 1. "DOUBLE FRAUD" ILLEGAL SEARCH, 2. RETROACTIVE LONG LINE OF RETROACTIVE CASES, since WINSHIP, IVAN, GAUDIN, APPRENDI, SULLIVAN, MONTALVO 331 F 3D 1052 (9th cir 2003), All reopen "PROOF BEYOND A REASONABLE DOUBT." DEFECTIVE indictment, wrong drug quantities.

3. Double APPRENDI, BOOKER violation, FEDERAL U.S SUPREME

COURT AND CALIFORNIA SUPREME COURT, BOOKER interpretation, Misdemeanor priors and wrong charges should have been §1210 personal use MISDEMEANOR PRIORS. Alaimalo meets C.O.A ¶3 to be heard.

## Conclusion

For all the reasons above, Alaiamlo meets the C.O.A elements to be heard, and This court "HAD" jurisdiction to hear claims of a Miscarriage of justice. The Appeal court can RE-HEAR second successive application.

Thank you

*Vaatausili Mark Alaimalo*

Vaatausili Mark Alaimalo Pro-se

## Certification

I certify that all the above is all true and correct, under penalty of perjury, Dated Feb__3__ 2006, Notary, 28 USC 1746, In lieu of Notary, HOUSTON V LACK 101 L ED 2D 245 (1988), Filed to prison mail box, and true copies mailed to; Assistant U.S Attorney, Ms Karon V. Johnson Esq, suite 500, Sirena Plaza, 108 Hermaan Cortes, Ave, Hagatna, Guam 96910.

Thank you

*Vaatausili Mark Alaimalo*

Vaatausili Mark Alaimalo Pro-se