IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM


| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 03-00044 |
| Plaintiff | Criminal No. 96-00039 |
| | **FILED** |
| vs | **DISTRICT COURT OF GUAM** |
| VAATAUSILI MARK ALAIMALO, Pro-se | |
| Defendant | OCT 2 0 2006 |
| | **MARY L.M. MORAN** |
| | **CLERK OF COURT** |

Motion to re-open via Federal Rule of Civil Procedure 60 (b)(4)

Cite: Gonzalez vs. Crosby 162 L.Ed.2d 486 at [10]
for the sole purpose to obtain a vacatur of a "Void Judgment"
entered by a court acting without "Subject-Matter Jurisdiction"

Currently held for a now determined "Non-Existant" crime.

---

**NOW COMES;** pro-se defendant Alaimalo with this request to re-open his original 28 U.S.C.§2255 via Federal Rule Of Civil Procedure 60 (b)(4)........as the conduct limned in 21 U.S.C. §952 (a) does not apply to his innocent conduct and his actions of flying from Guam nonstop to the United States. **Cite: United States v Cabaccang 332 F.3d 622 (9th Cir 2003)**


**Wherefore:** will this court re-open via Federal Rule of Civil Procedure 60 (b)(4) and correct the judgment entered in this case, to prevent a miscarrage of justice as limned in the following:

(1)

"Jurisdiciton .... is proper via Federal Rule of Civil
Procedure 60 (b) (4) as follows:


The United States Supreme Court"s dicta and its holding
in Gonzalez v Crosby 162 L.Ed.2d 480 [10] .... States: Rule
60 (b) has an unquestionably valid role to play in habeas
cases. The rule is often use to relieve parties from the
effect of a default judgment mistakenly entered against them,
e.g. Klapprott, 355 U.S. 615 (opinion of Black,J.) a function
as legitimate in habeas cases as in the run of the mill civil
cases. The rule also preserves a parties's opportunity to
obtain vacatur of a judgment that is void for lack of subject-
matter jurisdiction ---- a consideration just as valid in
habeas corpus cases as in any other, since absence of
jurisdiciton altogether deprives a federal court of the power
to adjudicate the rights of the parties. Steel Co. vs.
Citizens for Better Environment, 523 U.S. 83, 94, 101 (1998).
In some instances we may note, it is the State, not the
habeas petitioner, that seeks to use Rule 60 (b), to re-open
a habeas judgment granting the writ. See; e.g. Ritter vs.
Smith 811 F.2d 1398, 1400 (CA 11 1987).


Petitioner/defendant Alaimalo's request to re-open his
original 28 U.S.C.§2255 civil action raises a valid claim
that goes to the jurisdiction of the court of conviction and
its illegal "Life" sentence ..... for a non-existant crime or
offense under 21 USC §952 (a)(2) .....as petitioner is
"Actually Innocent" as determined by Cite: United State v

Cabaccang 332 F.3d 622 (9th Cir 2003).

It is well settled that a jurisdictional claim is never, barred, forfeited from a court's inquiry .... instead the court when presented with a jurisdicitonal claim must determine whether or not the judgment is void or valid.

As The United States Supreme Court noted above, it noted however; relief undr Rule 60(b) --- the only subsection petitioner invokes ---- requires the court to determine the question of is the judgment and its sentence "Void" for lack of "Subject-Matter" jurisdiciton .... as it was based on conduct not made criminal under 21 U.S.C. §952(a)(2) ..... the actions of petitioner are and were innocent.

See: e.g. Harper v Virginia Dept. of Taxation 509 U.S. 86, 97 (1993) not every interpretation of the federal statutes setting forth the requirement for habeas provides casue for reopening cases long since final ---- WHEREFORE; relief is justified. Cite: Bousley vs. United States 523 U.S. 614, 619-621 (1998) Fiore vs. White 531 U.S. 225, 228-229 (2001) per curiam.


Justice Stevens ..... The most sgnificant aspect of today's decision is the Court's unanimous rejection of the view that post judgment motions under Fedeal Rule of Civil Procedure 60(b) .... except those alleging fraud under rule 60 (b)(3) should be treated as second or successive ... and Rule 60 (b) can coexist in harmony. See: Abdur'Rahman vs Bell, 537 U.S. 88, 90 (2002) .... Sixth Circuit.

"In Conclusion"

Will this Honorable Court reopen this original 28 U.S.C.§2255

..... for the sole purpose to inquire into whether or not the

actions limned in 21 U.S.C. §952(a)(2) apply to petitioner

Alaimalo's innocent conduct of flying from a point in the

United States to Guam violates this criminal statute as

defined by Congress?


Signed, dated and mailed October 15th,2006 under oath and

"affadavit".


Respectfully submitted;

Vaatausili Mark Alaimalo

Vaatausili Mark Alaimalo

#86098-002

FCC Victorville

Adelanto, California   92301

10-15-06


"Certificate of Mailing"

I Vaatausili Mark Alaimal placed a true and correct copy of

the foregoing into the United States mail and addressed to:


Assistant United States Attorney

Frederick A. Black

Suite 502-A, Pacific News Building

238 Archbishop Flores Street

Agana, Guam 96910


this 15th day of October 2006

*Vaatausili Mark Alaimalo*

Vaatausili Mark Alaimalo

10-15-06