# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| VAATAUSILI MARK ALAIMALO,<br><br>Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Criminal Case No. 96-00039<br><br>Civil Case Nos.   99-00106<br>                       03-00044<br>                       06-00034<br><br>**ORDER** |

This matter comes before the court with respect to Petitioner Vaatausili Mark Alaimalo's ("Alaimalo") Notice of Appeal regarding this Court's Order filed November 14, 2006. *See* Docket Nos. 151 and 145 respectively. A Notice of Appeal shall be construed as an Application for a Certificate of Appealability. *See,* FED. R. APP. P. 22(b). A certificate of appealability may be issued from a final order in a proceeding under § 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Ninth Circuit has expressly indicated with respect to this case that "no petition for rehearing or motion for reconsideration shall be filed or entertained in this case." *See* Docket No. 138. Alaimalo has not substantially demonstrated the denial of his constitutional rights, pursuant to 28 U.S.C. § 2253(c)(2). Nor has he demonstrated that the issues surrounding this court's dismissal of Alaimalo's § 2255 petition[1] is "debatable among jurists of reason." *See, Jennings v.*

---

[1] Alaimalo initially filed three separate documents entitled (1) "Motion to re-open via Federal Rule of Civil Procedure 60(b)(4)"; (2) "Petition and Complaint Requesting a 'Certificate of Innocence'"; and (3) "Motion fo leave to proceed 'In Forma Pauperis' Poor Person". *See* Docket Nos. 141, 142, and 143. The court recognized that Alaimalo's "60(b)" motion and request for a "certificate of innocence" were in reality attempting to state a claim for a successive § 2255 motion

*Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Accordingly, Alaimalo's motion for a certificate of appealability is DENIED.

**SO ORDERED.**

                                                  **/s/ Frances M. Tydingco-Gatewood**
                                                           **Chief Judge**
                                                  **Dated: Mar 26, 2007**

---

and were more properly treated as such. The matters were dismissed for lack of jurisdiction as Alaimalo failed to obtain authorization from the Ninth Circuit Court of Appeals to file a successive petition.